Dorothy Aquelino, Joanne Aquelino and Michael Aquelino, Plaintiffs-Appellees, v. City of Waukegan, a Municipal Corporation, Waukegan City School District Number 61, a Quasi-Municipal Corporation, and the Board of Education of Waukegan City School District Number 61, Lake County, Defendants-Appellants.

Gen. No. 10,507.

Opinion filed August 7, 1951. Rehearing denied October 2, 1951. Released for publication October 2, 1951.

GERALD C. SNYDER, of Waukegan, for appellants.

J. E. BAIRSTOW, of Waukegan, for appellees.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

On June 28, 1950, the City of Waukegan, a municipal corporation, Waukegan City Schools, District No. 61, and the Board of Education of Waukegan Schools, District No. 61 of Lake county, were desirous of obtaining certain land belonging to Dorothy Aquelino, Joanne Aquelino and Michael Aquelino. They started a condemnation proceeding to fix the value, and get possession of the property which was to be used as a school

site for said school district. The Aquelinos filed a motion to dismiss the suit, which was dismissed.

The Board of Education still desired this property and made an offer to buy it from the Aquelinos, but they could not agree upon the price, and they again contemplated a condemnation proceeding to gain possession of it. Dorothy Aquelino and Joanne Aquelino, on February 20, 1951, filed their suit in the circuit court of Lake county, against the City of Waukegan, a municipal corporation, Waukegan City School District No. 61, and the Board of Education of the City Schools and District No. 61 of Lake county, Illinois, to enjoin them from starting a condemnation proceeding. Service was had upon all of the defendants. In the meantime, Michael Aquelino asked leave and was granted permission to become a party to the suit. The complaint asked for a temporary and permanent injunction.

Mr. Gerald C. Snyder, the attorney for the defendants, advised the City of Waukegan and the School Board that there had been no temporary injunction issued restraining them from bringing a condemnation suit, and there was nothing to hinder them from proceeding with such a suit. An ordinance was drawn preparatory to starting the suit of condemnation. The Aquelinos, learning of this contemplated suit, gave the defendants notice to appear in the circuit court of Lake county, and that they intended to ask for a temporary injunction to restrain them from prosecuting the suit. The injunction was issued. The defendants appeared and filed a motion to dissolve the injunction. The original injunction restrained the Board of Education from paying Mr. Snyder additional compensation, but the suit was dismissed as to that count of the complaint, so we are not concerned with it in this present suit. The court denied the motion to dissolve the injunction, and it is from this order that the appeal is prosecuted to this court.

It was the contention of the appellants that they are organized under a special charter, and that their rights in school matters are governed by this special Act. It is the contention of the appellees that article 7, section 10 of the School Code, prevails in this kind of an action, and that that section provides that before the school board could acquire this land by condemnation, they must first have a vote of the people in this district favoring such action, and that no election had been held.

██ The only question presented to this court at this time is, "Did the Circuit Court properly enjoin the defendants from prosecuting their suit in a different Court?" There can be no doubt that the circuit court of Lake county had acquired jurisdiction of the subject matter and the parties to the suit, and it seems clear to us that in the circuit court of Lake county, all these matters could be adjudicated. In the case of the *People v. Morrow,* 181 Ill. 315, at 319 a similar question was before the Supreme Court, and they there held that, as between courts of co-ordinate jurisdiction, the tribunal first acquiring jurisdiction retains it, and is not to be interfered with by another co-ordinate court. The reason of the rule is, that otherwise confusion and conflict will arise.

In the case of *Lingle v. Adams,* 259 Ill. 522, a dispute arose as to organizing a levee drainage district. The circuit court had acquired jurisdiction before the county court, and the Supreme Court there held that, "Under the Statute, the Circuit Court and County Court, have concurrent jurisdiction in the matter of organizing levee drainage districts, and the Court first acquiring jurisdiction of particular territory will retain it to the exclusion of the other."

In the case of *St. Louis Merchants' Bridge Co. v. Eisele,* 263 Ill. 50, a dispute arose over the collection of a tax item. Suits were filed in both the circuit and

county court for the collection of this tax. It was first filed in the circuit court in Madison county. The Supreme Court in that case held: ''In Courts of concurrent jurisdiction that Court which first acquired jurisdiction of a cause will retain it to the end of the controversy for the exclusion of all other Courts.'' In *Nolan v. Barnes,* 268 Ill. 515, a dispute arose over the settlement of an estate, and whether the circuit court or the county court had jurisdiction of the subject matter. It is there stated: ''It is elementary that the Court first lawfully obtaining jurisdiction will retain it until the end of the controversy, and to the exclusion of all others; also, that no other Court, even of concurrent jurisdiction, can or will make findings or orders which will have any bearing upon the issues in the Court originally entertaining the cause.'' To the same effect is *Lasley v. Crawford,* 228 Ill. App. 590, *Scanlan v. Kirby,* 230 Ill. App., 505 Second District case, and *Brown v. Hamsmith,* 247 Ill. App. 358.

In the case of *Kewanee Lumber & Supply Co. v. Guest Laundry Co.,* 306 Ill. App. 491, this court had a similar question before us and we quoted from *Farmers' Loan & Trust Co. v. Lake Street Elevated R. Co.,* 177 U. S. 51, which is as follows: ''In this case the Farmers Loan and Trust Company, as trustee filed its bill to foreclose a trust deed in the United States Circuit Court for the Northern District of Illinois. Its bill was filed at 10:35 o'clock in the morning of January 30, 1896. Shortly thereafter, but on the same day, the Lake Street Elevated Railroad Company, (the defendant in the suit filed in the United States Circuit Court,) filed in the Superior Court of Cook County its bill praying that the Farmers Loan and Trust Company, the plaintiff in the suit brought in the Federal Court be removed as trustee under the trust deed sought to be therein foreclosed, that the court appoint a new trustee and that the Farmers Loan and Trust

Company be enjoined from prosecuting its suit in the Federal Court. The superior court granted the relief sought and enjoined the Trust Company from taking any further steps to foreclose or act as trustee under the trust deed. This decree was affirmed by the Appellate and also by the Supreme Court of this State. Upon a further review by the United States Supreme Court, that court reversed those judgments and decree and held that upon the filing of the bill by the Farmers Loan and Trust Company to foreclose its trust deed in the Federal Court that court acquired jurisdiction to hear and determine all controversies relating to said foreclosure proceeding and that having first acquired such jurisdiction its jurisdiction was exclusive and the superior court of Cook county, being a court of coordinate jurisdiction, was disabled from exercising a like power.''

In this case the circuit court of Lake county has taken jurisdiction of the subject matter and of the parties to this litigation, and it should retain it until all the issues presented to it are disposed of.

It is our conclusion that the circuit court of Lake county properly issued the injunction restraining the defendants from proceeding with their eminent domain suit until the issues had been decided in the circuit court case. The judgment of the trial court should be and is hereby affirmed.

*Judgment affirmed.*