288 P.2d 1077

STATE of Arizona, ex rel. Wm. P. MAHONEY, Jr., County Attorney of Maricopa County, Petitioner,

v.

Judge Henry S. STEVENS, acting as a Committing Magistrate, Respondent.

No. 6106.

Supreme Court of Arizona.

Oct. 25, 1955.

Wm. P. Mahoney, Jr., County Attorney of Maricopa County, Phoenix, for petitioner.

Charlie W. Clark and Roy R. Carson, of Phoenix, for respondent.

UDALL, Justice.

The County Attorney of Maricopa County instituted this original proceeding in certiorari for the purpose of testing whether the Honorable Henry S. Stevens, one of the judges of the Superior Court of the State of Arizona, in and for Maricopa County, while sitting as a committing magistrate, exceeded his jurisdiction in dismissing a criminal complaint then pending before him.

Being of the opinion the record presented a proper case for the issuance of a writ of certiorari we granted the writ and from the return thereon it now appears that a criminal complaint in cause No. 27296 was laid before the respondent magistrate charging Eddie A. Stout with ten separate counts of embezzlement; a warrant of arrest was issued thereon, and a preliminary hearing was regularly set for July 7, 1955. At the appointed time the defendant appeared but before any evidence was taken counsel for the defendant moved to dismiss the complaint upon the novel ground:

> "that this proceeding in this case constitutes a piecemeal prosecution in a successive and very vexatious prosecution of criminal charges."

In support of the motion counsel asserted that the facts set forth in eight of the ten counts were well known to the prosecutor when previous charges of grand theft, unlawful appropriation of public moneys and false entry by a public officer were brought against the defendant; that these charges

were of the same general class of crimes as charged in the present complaint, and concluded:

"That all these charges in the present complaint could have been and should have been included in the previous criminal complaint and that to require this man to answer successive criminal prosecutions when they all should have been brought in the first instance, would eventually bankrupt him and place him in a position where he cannot make his defense. It is violative of constitutional principles and the spirit of criminal law."

Thereafter the magistrate granted the "motion to dismiss the criminal complaint" upon the grounds stated.

The primary question presented to this court by certiorari is whether the magistrate had jurisdiction to enter such an order.

■■ Our statute, Section 28–101, A.C. A.1939, provides when certiorari may be issued; we have many times set forth the requirements which must be met before the writ will be granted. Vazzano v. Superior Court, 74 Ariz. 369, 249 P.2d 837; Duncan v. Truman, 74 Ariz. 328, 248 P.2d 879; Hunt v. Norton, 68 Ariz. 1, 198 P.2d 124, 5 A.L.R.2d 668; see also other cases cited therein. The primary purpose of the writ is of course to test the jurisdiction of an officer or inferior tribunal—after action already has been taken—where there is no appeal nor any other plain, speedy or adequate remedy. The varied meanings of this term "jurisdiction" are well laid down in the above cases and need not here be reiterated. Suffice it to say that here we are concerned with the extent of the powers of a committing magistrate. If the magistrate's action in the instant case is contrary to the authority conferred upon him by the Rules of Criminal Procedure and applicable statutes, then no jurisdiction existed to render the particular order, and certiorari is proper to correct such abuse of authority.

■ The basic defect herein appears to have been a lack of understanding by respondent of the duties of a magistrate in a preliminary hearing:

"A preliminary hearing, or as otherwise called a preliminary examination, is not a trial, in its ordinary sense, nor is the determination thereof a final judgment. It is simply a course of procedure whereby a possible abuse of power may be prevented, and accused discharged or held to answer, as the facts warrant * * *." 22 C.J.S., Criminal Law, § 331, p. 483.

The duties of a magistrate are set forth in Chapter 44, Article 3, A.C.A.1939. Certain steps are therein prescribed which are designed to protect the rights of an accused person and insure a just and speedy hearing of criminal actions brought before a magistrate. Where in a felony

case an examination is not waived by defendant, Rules Cr.Proc. No. 54 (now appearing as Sec. 44–320, A.C.A.1939) requires:

"*After hearing the evidence* and the statements (if any) of the defendant, * * * if it appears either that an offense has not been committed or that, if committed, there is not probable cause to believe the defendant guilty thereof, the magistrate shall order that he be discharged." (Emphasis supplied.)

Rule No. 55, Sec. 44–322, then provides:

"If it appears (after hearing the evidence) that any offense has been committed and that there is probable cause to believe the defendant guilty thereof, the magistrate shall hold him to answer * * *." (Insert added.)

It is to be noted the only grounds upon which a magistrate may discharge an accused are when after hearing the evidence and in the exercise of sound judgment he finds either that no public offense has been committed or that no probable cause exists to connect accused with the act. True, the magistrate may be required to pass upon certain motions implicit in rule or statutory requirements of the hearing, e. g., a motion for a continuance. But no power whatsoever exists to discharge an accused person *before* taking evidence upon which to base his findings, this regardless of any personal feelings of the magistrate as to the intrinsic fairness or unfairness of the action of the prosecutor in filing the charges.

The magistrate has a duty to conduct the required hearing; he cannot refuse to pass judgment on these questions. The State had a right—after an opportunity to present its evidence—to a decision on the merits either discharging accused or holding him for prosecution. Obviously there was no authority in law for entertaining the motion herein challenged, and we hold that the order of respondent dismissing the complaint was wholly in excess of his jurisdiction.

Lastly it is contended that even if respondent exceeded his jurisdiction in entering the order in question, nevertheless certiorari will not lie in this case since the county attorney had a plain, speedy and adequate remedy by bringing the same matter again before some other committing magistrate of the county. There is no merit to this contention. We hold the fact that the county attorney might have proceeded with a de novo preliminary hearing before some other magistrate does not in our opinion present a plain, speedy or adequate remedy.

The order dismissing the complaint filed against Eddie A. Stout is annulled and set aside, this to the end that there may be further proceedings thereon.

LA PRADE, C. J., and WINDES, PHELPS and STRUCKMEYER, JJ., concur.