311 P.2d 832

Vern M. WELKER, Petitioner,

v.

Henry S. STEVENS, Judge of the Superior Court of Yavapai County, Respondent.

No. 6373.

Supreme Court of Arizona.

May 21, 1957.

Snell & Wilmer and Perry M. Ling, Phoenix, for petitioner.

Robert Morrison, Atty. Gen., for respondent.

PHELPS, Justice.

Petitioner Vern M. Welker seeks by certiorari instituted against the Superior Court, in and for Yavapai County, and the Honorable Henry S. Stevens, presiding judge thereof, to test the validity of an

order of that court, denying (dismissing) petitioner's appeal from an order of John A. Duncan, superintendent of the Department of Liquor Licenses and Control of the State of Arizona. The application was made on behalf of the Safeway Stores, a corporation, for the transfer of a No. 9 liquor license from Jarvis McDonald and Merle Bruso, Yarnell Hill, Yavapai County, to it at Prescott, Arizona, in the same county.

The application was denied by superintendent Duncan upon the ground that public "convenience and necessity" did not require the transfer of such license to said Safeway Store location in Prescott.

Upon trial de novo on appeal to said superior court, the learned trial judge declined to pass upon the question of "convenience and necessity" and refused upon request, to make a finding of fact on that question, but did rule, as a matter of law that, the location of the premises to which the liquor license was sought to be transferred was within 300 feet of a church where services were regularly conducted and, hence, within the prohibition of the statute, A.R.S. § 4–207 relating thereto. The court concluded with the following pronouncement:

"* * * and no special permission having been granted by the Superintendent, and the Court not being privileged to grant such permission; it is

ordered that the Clerk is directed to enter judgment denying the appeal."

■ It is not at all clear to us why the learned trial judge did not base his ruling upon the same ground superintendent Duncan did, especially if he had any doubts as to the power of the court to exercise its discretion in granting or refusing petitioner a special permit. It being a trial de novo, however, we are of the view that the trial court was privileged in its discretion, to choose a different ground (if within the issues presented in the application) upon which to base its judgment in the matter if it deemed it to be better buttressed by the evidence than that given by superintendent Duncan, although the trial judge in such cases might well defer to the findings made by the inferior tribunal in regard to the weight and credibility of the evidence but, it is in nowise bound to do so. Duncan v. Mack, 59 Ariz. 36, 122 P.2d 215; Lane v. Ferguson, 62 Ariz. 184, 156 P.2d 236.

■ Certiorari will lie when an inferior tribunal, board or officer exercises judicial functions and has exceeded its jurisdiction and there is no appeal nor, in the judgment of the court, a plain, speedy and adequate remedy. And as we have often announced, it is not the function of certiorari to search for error in the judgment rendered where the court or other tribunal has jurisdiction. Civil Service

Commission of City of Tucson v. Foley, 75 Ariz. 364, 257 P.2d 384. This is true whether the error is one of law or of fact. Griffin v. Denton, 61 Ariz. 454, 150 P.2d 96, 97. Its sole function is to determine whether the inferior tribunal acted either without or in excess of its jurisdiction. Civil Service Commission of City of Tucson v. Foley, supra; Hunt v. Norton, 68 Ariz. 1, 198 P.2d 124, 5 A.L.R.2d 668.

■ The trial court in the instant case had jurisdiction on trial de novo to determine both the question of "convenience and necessity" and, whether the location to which the license was sought to be transferred was within 300 feet of the church. In interpreting the statute relating thereto, as was its duty, it made a distinction between premises on the one hand and building on the other, and, held that the term premises as used in the statute was not limited to the four walls of the store building, but must be construed to include the parking area which it found to be within 300 feet of the church. However erroneous this may be, if it is error, does not go to the jurisdiction of the court and we therefore, express no opinion as to its correctness as a matter of law. Arizona Public Service Co. v. Southern Union Gas Co., 76 Ariz. 373, 265 P.2d 435.

■ Counsel for petitioner have argued that inasmuch as the court found the proposed location was within 300 feet of a church, it exceeded its jurisdiction in refusing to grant a special permit to him under the rule laid down in Vazzano v. Superior Court, 74 Ariz. 369, at page 373, 249 P.2d 837. But, the answer to that is, the statute is not mandatory but vests in the superintendent of liquor and license control, the right to exercise discretion in the matter. It was therefore, discretionary with the court to determine in a trial de novo whether such special permit should issue. The court's refusal to act thereon and in ordering a dismissal of the appeal amounted to a denial of said special permit and, an affirmance of the order of superintendent Duncan denying Welker's application for transfer of said liquor license to the Prescott location, for the reason given by him.

Counsel have stipulated that the question of whether a liquor license can be legally issued to or for the benefit of a corporation in this state may be determined in this action. Much time and space have been devoted to this question in the briefs of both counsel for petitioner and respondent. Again we repeat that this court is limited in certiorari to the question of jurisdiction of the inferior tribunal.

Ordered that the writ of certiorari be quashed.

UDALL, C. J., and WINDES, STRUCKMEYER and LA PRADE, JJ., concur.