356 P.2d 694

STATE of Arizona ex rel. Carl D. HAMMOND, Mohave County Attorney, and Wade Church, the Attorney General, Petitioner,

v.

KINGMAN JUSTICE PRECINCT COURT OF MOHAVE COUNTY, Nathaniel "Joe" Erickson, Justice of the Peace, and Ora Gruninger, Justice of the Peace, Respondents.

No. 7136.

Supreme Court of Arizona.

Nov. 9, 1960.

Rehearing Granted Dec. 20, 1960.
Rehearing Denied Jan. 10, 1961.

Carl D. Hammond, Mohave County Atty., Kingman, Wade Church, Atty. Gen., Franklin K. Gibson, and John Vanlandingham, Asst. Attys. Gen., for petitioner.

O. Ellis Everett, Kingman, for respondent.

BERNSTEIN, Justice.

In this original proceeding for a writ of certiorari the State of Arizona seeks to set aside an order entered by respondent Justice of the Peace. The order, which was issued by the Justice following a preliminary examination of two defendants charged with committing a felony, is as follows:

"After hearing the evidence, it appears to me that there is not sufficient cause to believe the defendants, * * *, are guilty of the charges here. Therefore, it is the order of the Court that the case be dismissed, and that the defendants, * * *, be and they are hereby discharged."

The State's position is that, because the evidence at the preliminary examination showed there was probable cause that the defendants committed the crime charged, the Justice of the Peace exceeded his jurisdiction in entering the above order, and that certiorari is a proper remedy to set aside the order and hold the defendants to answer.

The State does not contend that in holding the hearing and receiving evidence the Justice of the Peace failed to comply in any respect with the Rules of Criminal Procedure (Rules 16 to 37), 17 A.R.S. The order under review was proper in form and recited the finding, prescribed in Rule 32, subdivision B, that there is "not sufficient cause to believe the defendants * * * guilty * * *."

Thus, the State seeks, in effect, to have this Court review the evidence and determine that the Justice of the Peace was wrong in finding no probable cause.

Such review is not within the scope of a writ of certiorari.

■ This Court has on many occasions held that certiorari tests only the *jurisdiction* of the tribunal whose order is under review; that is, whether the tribunal had jurisdiction of the parties and the subject matter, and had power to render the particular order; not whether its conclusion was right or wrong. See A.R.S. § 12–2001; also, e. g.: Welker v. Stevens, 82 Ariz. 233, 311 P.2d 832; Hazard v. Superior Court, 82 Ariz. 211, 310 P.2d 830; Wall v. Superior Court, 53 Ariz. 344, 89 P.2d 624; City of Phoenix v. Greer, 43 Ariz. 214, 29 P.2d 1062; State ex rel. Andrews v. Superior Court, 39 Ariz. 242, 5 P.2d 192.

■ Here, the Justice of the Peace had jurisdiction of the defendants and the subject matter of the preliminary examination, and had the power to issue the instant order in its precise form. It is not for this Court to act as a magistrate and conclude that the Justice of the Peace was wrong on the facts. The presumption of innocence attaching to all defendants in criminal proceedings forbids us from so weighing the evidence.

State ex rel. Mahoney v. Stevens, 79 Ariz. 298, 288 P.2d 1077, relied on by the State, is completely distinguishable from the instant case. There, the magistrate, at a preliminary examination but without hearing any evidence, dismissed a criminal complaint on the ground that the charges should have been included in a previous criminal complaint and that the State's procedure in requiring defendant to answer successive criminal prosecutions "would eventually bankrupt him," in violation "of constitutional principles and the spirit of criminal law" (79 Ariz. at page 300, 288 P.2d at page 1078). This Court held that the magistrate had no power before receiving evidence to discharge the defendant and that the ground on which the complaint against the defendant was dismissed was not authorized by the Rules of Criminal Procedure. The Court granted certiorari because the magistrate had clearly acted without jurisdiction in these respects.

■ In the instant case the Justice of the Peace, acting as magistrate, held a hearing as required and entered an order on a ground authorized by law. His jurisdiction to do so is clear. That he may have been wrong may not be questioned by certiorari.

■■ The State urges that certiorari is appropriate because an appeal does not lie from the orders here under review. We agree that under A.R.S. § 13–1712 the State may not appeal from an order of the magistrate dismissing a complaint for lack of "sufficient cause." That does not mean, however, that the State may obtain by certiorari the same relief to which it might be

entitled if an appeal were permitted by statute. A.R.S. § 13–1712 forecloses review of evidence in a criminal proceeding at the instance of the State. Certiorari is designed not to circumvent that policy but to insure that inferior tribunals do not exceed the limits of their jurisdiction.

The State is not without remedy, however. As was stated in State v. McCombs, 164 Kan. 334, 188 P.2d 922, 924:

"[Counsel for the state] * * * suggest that if the state were barred from further prosecution of a particular offense by an order of a city court or justice of the peace discharging a defendant on a preliminary hearing there could be no effective review of rulings of such magistrate no matter how capricious or erroneous they might be. The suggestion is more plausible than sound. In the first place it overlooks the settled law of this state, to which we have heretofore referred, that discharge by a magistrate is not a bar to another preliminary examination. The state has supplied itself with many magistrates * * *. Out of all of these we rather imagine it would not be too difficult to find some magistrate who would lend a responsive ear in any case where the state seeks to bind over a person charged by a complaint with the commission of a crime if the facts or the law warrant its position.

Next such suggestion entirely ignores the fact that matters are only appealable to this court when authorized by statute."

The writ of certiorari heretofore issued is ordered quashed.

STRUCKMEYER, C. J., and UDALL and LESHER, JJ., concur.

PHELPS, Justice (dissenting).

I most vigorously dissent to the conclusion reached by the majority members of the Court. I fully recognize that certiorari issues only to test jurisdiction and not to determine whether it was erroneously exercised. Findlay v. Board of Supervisors of Mohave County, 72 Ariz. 58, 230 P.2d 526, 24 A.L.R.2d 841. I also agree that respondent Erickson had jurisdiction of the subject matter and of the person of the defendants. But I assert that he deliberately and arbitrarily exceeded his jurisdiction in entering the order he did enter in this case based upon the evidence introduced at the preliminary hearing.

The majority opinion made no reference to the fact that there was not the slightest conflict in the evidence relating to the material issues in this case and that the defendants admitted upon the witness stand, under oath, the charges alleged in the case. This was supplemented by a written state-

ment signed by both defendants to the same effect and by other witnesses.

The facts are that the complaint upon which the preliminary hearing in this case was based charges in substance that on or about February 20, 1959, defendants while members of the Board of Supervisors of Mohave County had in their possession and under their control, approximately the sum of $954 (budgeted for tires) belonging to Mohave County by virtue of said trust, and that they did fraudulently appropriate said sum to a use and purpose not in the due and lawful execution of their trust; that said fraudulent appropriation was accomplished by the presentation of false claims against Mohave County by Biddulph and Dunton Motors of Kingman, Arizona, which claims were authorized and approved by defendants while acting in their official capacity as members of the Board of Supervisors with full knowledge that said claims were false and fraudulent; and, that by reason of said action Mohave County paid said fraudulent claims, all of which was contrary to the form, force and effect of A.R.S. §§ 13–662, 13–663, defining theft, and §§ 13–681, 13–682 defining theft by embezzlement. No question was raised as to the sufficiency of the complaint to state a public offense.

As a part of the evidence adduced in support of the above complaint were certain exhibits. Exhibit No. 1 bearing date February 4, 1959, was presented by Biddulph and Dunton Motors indicating a sale by them to Mohave County of two 13:00x24 Grader Nylon 10-ply (tires) for the sum of $584.54 less 25% discount amounting to $146.14, leaving a balance of $438.40 plus sales tax of $8.77—total cost $447.17; and exhibit No. 2 bearing date January 16, 1959, presented by the same firm indicating sale by them to Mohave County of two 13:00x24, 10-ply U. S. Grader Nylon (tires) for the sum of $584.54 less 25% of $146.13, leaving a balance of $438.41, and one 8.25x20, 10-ply U. S. Nylon (tire) $116.95, net sale price $68.73, making a total sale price of $507.14 plus sales tax of $10.14, making final total $517.28. Each of these invoices had attached to it a claim duly sworn to by the seller for the respective amounts shown therein. The oath was administered by the clerk of the Board of Supervisors. Both claims were paid by Mohave County upon the approval of the Board of Supervisors.

Both Mr. Van Marter and Mr. Ricca admitted under oath on the witness stand that they did not receive any tires and that they did not buy any tires at that time; that the actual consideration for these invoices and claims were two refrigerating cooling units, factory installed, in two new Mercury automobiles purchased by them as and for family cars, taking the title in their respective names as the community property of themselves and their wives.

. The said cars were also intended to be used and were used in transacting county business. They also filed a statement in the case signed by both of them to practically the same effect. There is no evidence in the record which contradicts these facts in the slightest degree.

Defendants put in evidence records of other transactions involving Mr. Prentice who, at the time of this hearing, was chairman of the Board of Supervisors in which it appeared that charges for repairs to his car, damaged on a hunting trip, may have been unwarranted but whether they were or not is immaterial to any issue in this case. Neither do I believe other similar items are proper matters for consideration here. This Court is concerned in this matter as above stated, solely with the question of whether respondent exceeded his jurisdiction in entering the order finding no probable cause to find defendants guilty of the charges in the complaint upon the uncontradicted evidence exactly to the contrary.

Defendant Van Marter testified that in 1959 he and defendants each bought a new Mercury and decided to buy coolers for them. He said this was concurred in by all the members of the Board. The coolers were installed at the factory. He said they were running short on their equipment and repair budget and it was suggested that it would be a good plan to put it

in their tire budget as other budgets had been changed that way on previous occasions. That in July 1959 they again made another change of policy which was to the effect that each supervisor would be allowed $100 per month to cover all expenses of operating his car.

We are not here concerned with the validity of either of these so-called policies, although I am certain they cannot exceed the powers expressly granted to them by the legislature. We are here concerned only with whether respondent exceeded his jurisdiction in the manner above stated.

Whatever the prevailing policy or practices of the Board may have been, it is certain that the invoices and claims upon which the payments here involved were made were completely false. No tires were purchased at that time by Mohave County— no delivery of tires was then made and none was then ever intended to be made upon the invoices and claims then presented by either the seller or the defendants. Neither did the transaction have the effect of revealing to anyone that defendants had purchased factory installed refrigerating units in their new cars which constituted the true consideration for said claims; nor that the defendants intended to pay for such refrigerating cooling units out of Mohave County funds which had been budgeted for tires. The records in evidence completely conceal that fact. The invoices and claims

attached thereto declare that they are based upon the purchase of large grader tires by Mohave County. Whether the Board has the authority to legally draw upon the tire budget to pay for anything other than tires we are not here concerned. If they did the records should have shown the consideration for the claim was refrigerating cooling units for their family cars, not large grader tires for Mohave County road construction work.

The failure of respondent to hold defendants to answer was arbitrary and capricious and therefore wholly in excess of his jurisdiction in that it completely ignored the undisputed evidence in the case and was in direct violation of the plain language of 17 A.R.S. Rules of Criminal Procedure, rule 33 which provides that: (after hearing the evidence)

"A. If it appears that any offense which the magistrate has no jurisdiction to try and determine has been committed and that there is probable cause to believe the defendant guilty of the offense charged, the magistrate *shall* hold him to answer." (Emphasis ours.)

Rule 33, supra, is practically a rescript of a statute which has been in our law since 1901.

The language above amounts to a legislative mandate to hold a defendant to answer if it appears from the evidence adduced that an offense has been committed and probable cause to believe defendants guilty. The authority of the magistrate must be found within the limits and the language of the mandate. Where there is no conflict in the evidence concerning the offense charged and admitted by the accused, it is thereupon divested of every characteristic of a factual issue and it is compelling in its effect, as a matter of law. There is not a scintilla of evidence to dispute the fact that the transaction charged in the complaint was exactly as set forth therein. The defendants admitted it.

It is to be noted that the only grounds upon which a magistrate may discharge an accused are *when after hearing the evidence and in the exercise of sound judgment he finds either* (1) *that no public offense has been committed* or (2) *that no probable cause exists to connect the accused with the act.* State ex rel. Mahoney v. Stevens, 79 Ariz. 298, 288 P.2d 1077, 1079. We held in that case that:

" * * * no power whatsoever exists to discharge an accused person before taking evidence upon which to base his findings, this regardless of any personal feelings of the magistrate as to the intrinsic fairness or unfairness of the action of the prosecutor in filing the charges."

In other words, we held the magistrate in that case exceeded his jurisdiction and that certiorari would lie.

In the instant case the magistrate in discharging the accused in face of the uncontradicted evidence of the accused that they had in fact committed the acts in question, exceeded his jurisdiction by refusing to consider the evidence submitted to him. The magistrate in violation of his mandatory duty in the case turned a deaf ear to said evidence and discharged the accused without, in effect, hearing the evidence upon which to base his finding. We have held this to be in excess of his jurisdiction and that certiorari will lie in such a case. State ex rel. Mahoney v. Stevens, supra. I am in nowise broadening the rule laid down in that case nor modifying the rule that we are limited in certiorari to the question of jurisdiction. There is not the slightest difference in failing to even hear any evidence as in the case of State ex rel. Mahoney v. Stevens, supra, and in hearing the evidence of defendants which admitted the allegations of the complaint and about which there was no evidence to the contrary and then arbitrarily refuse to consider it or to give it credence.

The order dismissing the case and discharging the defendants should be set aside upon the ground the respondent exceeded his jurisdiction in entering the same.