382 P.2d 555

**The STATE of Arizona, Appellee,**

**v.**

**Terry BYRD, Appellant.**

**No. 1297.**

Supreme Court of Arizona.

In Division.

June 5, 1963.

Rehearing Denied July 9, 1963.

Martin S. Rogers, Tucson, for appellant.

Lloyd C. Helm, former Cochise County Atty., Richard J. Riley, Cochise County Atty., Bisbee, for appellee.

T. J. MAHONEY, Superior Court Judge.

The defendant was convicted of the crime of Burglary of the First Degree.

The first preliminary hearing was held in the Justice Precinct in Douglas, where it is alleged the offense was committed. At the conclusion of the hearing the Justice of the Peace dismissed the charge. The charge was then filed and heard on September 25, 1961, in the Lowell Justice Court, where it was again dismissed for insufficient . evidence to substantiate the charge. The deputy county attorney of Cochise County then made a complaint before the Justice of the Peace at Sierra Vista in the Sierra Vista Precinct, apparently doing this before the complaint had been dismissed in the Lowell Precinct. At the conclusion of this hearing the defendant was bound over to Superior Court of Cochise County. His attorney sought a writ of habeas corpus which was denied. The matter was then tried to· a jury in the superior court.

The appellant raises two assignments of error. The first is that the dismissal by the first Justice of the Peace at the conclusion of the preliminary hearing was res judicata, and that the appellant should have been released upon the writ of habeas corpus later filed. It is his contention that a preliminary hearing terminating in favor of the defendant should act as a termination of the matter and that the other justice courts were without jurisdiction to conduct a preliminary hearing upon the same matter.

A proceeding before an examining magistrate is not a judicial trial. It is a mere judicial inquiry. No plea or issue is necessary and no jury is demandable and proper. The doctrine of res judicata does not apply so that the result of one inquiry will preclude another.

We said in State ex rel. Hammond v. Kingman Justice Precinct Court of Mohave

County, 88 Ariz. 342, 356 P.2d 694, quoting with approval from State v. McCombs, 164 Kan. 334, 188 P.2d 922, 924:

"[Counsel for the state] * * * suggest that if the state were barred from further prosecution of a particular offense by an order of a city court or justice of the peace discharging a defendant on a preliminary hearing there could be no effective review of rulings of such magistrate no matter how capricious or erroneous they might be. The suggestion is more plausible than sound. In the first place it overlooks the settled law of this state, to which we have heretofore referred, that discharge by a magistrate is not a bar to another preliminary examination. * * *"

We hold the first assignment is without merit.

In his second assignment the appellant contends that the court erred in not granting a new trial because of the conversation between one of the jurors and the county attorney. As she later testified, the juror had a question on her mind "on a matter of conscience." She left the courthouse to locate a priest at the rectory nearby but was unable to do so at that time. On her return to the courthouse she saw a man standing nearby who appeared to be of a Latin descent and, thinking he might be of her faith, she approached him not knowing who he was. She informed him that she had a question bothering her and would like an opinion on a moral question. He answered that the judge would tell her all she needed to know. She told him she was aware of the fact that "the judge would give me all the instructions I need, but this moral question is bothering me." He again repeated that the judge would tell her all she needed to know. This ended the conversation. The individual in question was the county attorney, Mr. Lloyd Helm, who had not been actively engaged in the prosecution of the case. The testimony as to the substance of the conversation is undisputed.

■ It is without question that the parties and other persons connected with the case on trial or having some interest therein, shall carefully avoid private communications with jurors, but whether or not a new trial shall be ordered because of communications between a juror and a party or the attorneys connected with the case rests in the sole discretion of the trial court. The obvious reason for such rule is to insure confidence in trial by jury and to insure that all verdicts are based upon an honest consideration of the evidence and not upon prejudice or sympathy. Every appearance of evil or misconduct should be avoided and every precaution taken to guard against matters tending to influence or corrupt the verdict. Sisters of St. Joseph v. Edwards, 45 Ariz. 407, 44 P.2d 155;

Maaskant v. Matsui, 50 Cal.App.2d 819, 123 P.2d 853.

The trial judge had the opportunity to observe the juror and to hear the testimony surrounding the entire matter. It is well settled that the appellate court will not interfere with the matter so peculiarly within the knowledge of the trial court unless abuse of discretion exists. We find no such abuse of discretion in this case.

The decision of the trial court is therefore affirmed.

UDALL, V. C. J., and LOCKWOOD, J., concur.