In the Matter of the Possession and Control of Joseph
E. Knight, Director of the Department of Fi-
nancial Institutions of the State of Illinois, of the
First State Bank of Westmont, Westmont, Illinois.
Crest Finance Company, Inc., a Corporation and Leo
Niederberger, Respondents-Appellants.

Gen. No. 64–158.

Second District.

November 2, 1965.

Rappaport, Clorfene & Rappaport, of Chicago (Hamilton Clorfene, of counsel), for appellants.

Taylor, Miller, Magner, Sprowl & Hutchings, of Chicago (John S. Miller, James J. Magner and E. Marvin Buehler, William M. Moroney and Leslie H. Fisher, of Washington, D. C., of counsel), for Federal Deposit Insurance Corporation, Receiver of the First State Bank of Westmont, Westmont, Illinois, appellee.

MR. JUSTICE PETERSEN delivered the opinion of the court.

The issue before this court is the priority, if any, of jurisdiction as between the Superior Court of Cook and the Circuit Court of DuPage Counties over the particular matters before each court relating to the First State Bank of Westmont. An enumeration of the chronological order of the procedures before each court is essential to a determination of this litigation.

On April 18, 1963, a notice was given to the Board of Directors of the First State Bank of Westmont by the Director of Financial Institutions of the State of Illinois, pursuant to the provisions of section 51 of the Illinois Banking Act, Ill Rev Stats 1963, chap 16½, par 151. This notice specified instances wherein the business of the bank was being conducted in an unsafe and unlawful manner as set forth in section 51(2) of the Act and wherein the bank's managers had violated the provisions of section 32 of the Act. The notice gave the bank until June 17, 1963, to correct

186

these deficiencies, the time being controlled by the Act. Certain of the business activities stated in the notice to have been improper, related to transactions between the bank and Crest Finance Company, Inc.

Thereafter, on April 30, 1963, the Crest Finance Company, Inc., one of the appellants here, herein called Crest, filed a complaint in the Superior (now Circuit) Court of Cook County, herein called the Superior Court, for an injunction and a declaratory judgment as to the ownership and right to possession to certain property and collateral then in the possession of the First State Bank of Westmont.

On May 15, 1963, the Superior Court ordered that a temporary injunction issue restraining the bank from disposing of, in any manner, or in any way clouding the title and right to possession of the plaintiff, Crest, in and to certain collateral in the hands of the bank.

The following day, May 16, the Director of Financial Institutions, finding that an emergency existed, took possession and control of the bank and its assets for the purpose of examination, reorganization or liquidation through receivership. This action was specifically authorized by section 52 of the Act (Ill Rev Stats 1963, c 16½, par 152). The taking of possession was accomplished by the posting of notice on the premises of the bank as required by Section 53 of the Act (Ill Rev Stats 1963, c 16½, par 153). On the same date, he filed a copy of the notice with the Clerk of the Circuit Court of DuPage County, herein called the Circuit Court, as required by section 53, which provides, "Promptly after taking possession and control of a bank, the Director shall file a copy of the notice posted on the premises in the circuit or superior court in the county in which the bank is located. . . ."

Section 53 further sets forth the effect of the filing of such notice, as follows:

". . . and thereupon the clerk of such court shall note the filing thereof upon the records of the court, and shall enter such cause as a court action upon the docket of such court . . . , *and thereupon the court wherein such cause is docketed shall be vested with jurisdiction to hear and determine all issues and matters pertaining to or connected with the Director's possession and control of such bank as provided in this Act and such further issues and matters pertaining to or connected with the Director's possession and control as may be submitted to such court for its adjudication by the Director.*" (Italics ours.)

On the same date, May 16, the Director of Financial Institutions filed a motion in the Circuit Court stating that an emergency existed and asking for an injunction restraining thirteen named persons, including Crest and Leo Niederberger, appellants here, from disposing of any property in which the bank may have an interest or from interfering in any manner with the examination, possession, control, operation or reorganization, or liquidation of the bank by the Director. On the same day, an order was entered granting the relief sought and an injunction writ was issued restraining the parties as prayed in the motion. It was served upon the respective appellants on May 20 and May 21, 1963.

On May 23, 1963, attorneys for the bank filed an answer to the complaint of Crest in the Superior Court action. On May 24, 1963, the Director filed his complaint in the cause previously commenced in the Circuit Court on May 16, by the filing of the notice. The purpose of the complaint was to dissolve the bank and note the Director's appointment of the Federal Deposit Insurance Corporation as receiver, pursuant to section 58 of the Act (Ill Rev Stats 1963, c 16½, par 158). The complaint alleged that the is-

suance of the injunction by the Superior Court on May 15, 1963, in the action commenced by Crest, had caused the Director to determine that an emergency existed.

On May 28, 1963, the judge of the Superior Court referred that case to a Master-in-Chancery for hearing. On June 21, the Circuit Court granted leave to the Federal Deposit Insurance Corporation, as Receiver of the bank, to intervene in the Superior Court proceeding. On June 28, the Superior Court entered an order, in effect granting leave to the Federal Deposit Insurance Corporation to intervene and ordered that Leo Niederberger, an officer of Crest, be made a third party defendant.

After extended hearings, a final decree was entered in the Superior Court action on September 25, 1964, finding that the bank and receiver were entitled to retain all the securities and adjudging that Niederberger and Crest were jointly and severally liable to the receiver in the sum of $605,882.46, which sum had been collected by them on securities in the possession of the receiver. An appeal was taken by Crest and Niederberger from the Superior Court decree, but was not made a supersedeas. The amount of the judgment has not been paid over to the receiver.

On November 13, 1964, the receiver filed a petition in the Circuit Court for an order directing Crest and Niederberger to show cause why they should not be adjudged in contempt of the order of that court on May 16, 1963, and for an order directing Crest and Niederberger to turn over to petitioner the sum of $605,882.46, and for other relief. The petition recited facts, the gist of which was that Crest and Niederberger had engaged in a calculated interference with the receivership estate.

Crest and Niederberger filed a special and limited appearance, challenging the jurisdiction of the Circuit

Court. The court denied the special and limited appearance, and thereafter, Crest and Niederberger moved to dissolve the injunction writ as to them on the grounds that the Superior Court had obtained prior jurisdiction, to the exclusion of the Circuit Court. The Circuit Court denied their motion, fixed the amount of the appeal bond and Crest and Niederberger perfected this appeal.

As stated above, it is the theory of Crest and Niederberger that under the principle of priority as between courts of concurrent and coordinate jurisdiction, the Superior Court first obtained jurisdiction of the controversy between Crest and the bank over the ownership of certain securities in the bank's possession, the Federal Deposit Insurance Corporation, as receiver of said bank, voluntarily submitted to the jurisdiction of the Superior Court, and any orders entered by the Circuit Court after April 30, 1963, the date when the Superior Court action was commenced, were thus improper.

■ We readily concede that when two courts of concurrent and coordinate jurisdiction acquire jurisdiction over the same matter, the tribunal first acquiring jurisdiction generally retains it to the exclusion of the other. Nolan v. Barnes, 268 Ill 515, 520, 521, 109 NE 316 (1915); St. Louis Bridge Co. v. Eisele, 263 Ill 50, 53, 104 NE 1013 (1914); People v. Morrow, 181 Ill 315, 319–323, 54 NE 839 (1899); Aquelino v. City of Waukegan, 344 Ill App 204, 206–208, 100 NE2d 820 (2d Dist 1951); 20 Am Jur2d, Courts, § 128, pp 481, 482; 21 CJS Courts, § 492, pp 745–751.

■ The difficulty facing appellants here is not the principle, but its application to the factual situation before this court. The priority principle is applicable only when the cases before the two courts are substantially identical as to subject matter, parties, and

190

relief sought. Pacific Live Stock Co. v. Lewis, 241 US 440, 447 (1915); 20 Am Jur2d Courts, § 131; 21 CJS Courts, § 492, pp 751–755. It is only when the court, in which the first action is commenced, can afford complete relief to all parties that the priority principle applies. Brinkerhoff v. Huntley, 223 Ill App 591, 602 (2d Dist 1921); Riddle v. Howard, (Ky App, 1962) 357 SW2d 705, 708; Retterer v. Retterer, (Ohio App, 1935) 32 NE2d 513, 518. Where the first court to assume jurisdiction cannot, for any reason, afford complete relief to all of the parties, the priority principle must then yield to the more vital and fundamental principle of justice that each litigant is entitled to his day before a court competent to grant adequate and complete relief. 20 Am Jur2d Courts, § 138, pp 487, 488; 21 CJS Courts, § 492, pp 751, 752.

In the case at bar, jurisdiction of the Circuit Court was invoked by the Director of Financial Institutions under the special statutory grant contained in the Illinois Banking Act. This Act exclusively empowers the Director of Financial Institutions, under the conditions specified in section 50, Ill Rev Stats 1963, chap 16½, par 150, to commence proceedings for the dissolution of the bank, to appoint a receiver thereof, grants to him sweeping powers in connection therewith, and gives unto certain courts, special and exclusive jurisdiction of such proceedings. Sections 51 and 52 of the Act give to the Director outright authority and power to take possession and control of a bank and its assets if he finds certain conditions exist which may result in losses to the bank's depositors. The Director is further given the power, by virtue of section 58 of the Act, to appoint a receiver if he deems the bank should be dissolved. Section 53 of the Act further states that when the Director has taken control of the bank and its assets "he shall be vested with full powers of management

191

and control." No one would question the wisdom of the controls and regulations placed upon the banks or the necessity for the fullness of the power and authority vested in the Director over the banks which are entrusted by the public with their funds.

■ The legislature, in the interest of convenience, dispatch and economy, wisely conferred jurisdiction, to hear and determine all matters relating to the Director's possession and control of the bank, in only the circuit or superior court of the county in which the bank is located. Section 53 so provides. Section 58 then provides that if the Director deems the bank should be dissolved, his complaint therefor shall be filed in a court (circuit or superior), in the county where the bank is located. It is the spirit and intent of the Act that the authority of the Director and the designated court is exclusive. Section 50 provides: "Except by the authority of the Director, represented by the Attorney General, no complaint shall be filed or proceeding commenced in any court for the dissolution or for the winding up of the affairs or for the appointment of a receiver for any state bank. . . ." Section 54 provides: "No judgment, lien or attachment shall be executed upon any asset of the bank while it is in the possession of the Director, except upon the order of the court referred to in Section 53."

■■ It is beyond question, that courts of general jurisdiction, as well as a court of more limited, special jurisdiction, may act concurrently in certain cases where the court first obtaining jurisdiction is not in a position to determine the whole controversy and to settle all the rights of the parties. However, the legislature may confer upon a specific court, to the exclusion of others, special jurisdiction to determine questions arising under the particular statute, and if such courts furnish adequate protection to the rights of the parties concerned, their jurisdiction will be sustained. Des

Plaines Foundry Co. v. Des Plaines, 335 Ill 213, 216, 167 NE 33 (1929); Central Illinois Public Service Co. v. Industrial Commission 293 Ill 62, 65–68, 127 NE 80 (1920).

Prior to the amendment of Article 6 of the Illinois Constitution effective after the filing of the actions here involved, jurisdiction over special statutory proceedings was limited to those involving rights and remedies of a kind not existing at law or in equity and not recognized at the time of the adoption of the Illinois Constitution. See People v. Graw, 363 Ill 205, 208, 2 NE2d 71 (1936). The powers granted the Director under the Banking Act and the proceedings initiated by him thereunder were such special statutory remedies and proceedings.

■■ The sections of the Act above referred to clearly manifest the intent of the legislature to limit solely to the circuit or superior court of the county in which the bank is located and where the Director commenced his action, the jurisdiction over the Director's control and powers pertaining to the distressed bank. Only the Circuit Court had jurisdiction to hear and determine all matters relative to the possession and control of the bank and its assets. The jurisdiction to hear and determine such matters could neither be conferred by the parties upon any other court (City of West Frankfort v. Industrial Commission, 406 Ill 452, 457, 94 NE2d 413 (1950)), nor be assumed by such other court (Gottlieb v. Crowe, 369 Ill 88, 94, 12 NE2d 881 (1938)).

■ In the case at bar, the jurisdiction of the Circuit Court was greater than that of the Superior Court. It encompassed all matters pertaining to the Director's possession and control of such bank, and such matters were limited jurisdictionally, solely to that court by virtue of the provisions of the Banking Act. These matters (basically the complete control and possession

of the bank and its assets) were matters which were at no time subject to the jurisdiction or control of the Superior Court. The priority principle advanced by the appellants thus cannot be applied in the case at bar. Its application would disfranchise the only court having jurisdiction to afford complete relief under the circumstances.

██ There is still another applicable rule of law which further sustains our conclusion. After the notice and complaint were filed by the Director, the possession and control of the funds and property of the bank were vested in him. He appointed the Federal Deposit Insurance Corporation as receiver of said bank. Its property was then in custodia legis. A Court which has in its possession or control, whether actual or constructive, property or funds involved in litigation, may exercise exclusive jurisdiction over such property or funds to determine the rights therein, and another court of concurrent jurisdiction should not interfere with such possession or control. 21 CJS (Courts) § 495, pp 755–758.

In Ogden v. Edwards, 108 SW2d 675 (Tex Civ App 1937), under statutory provisions similar to those in the case at bar, the foregoing rule was applied. The court there held that the property of an insolvent bank, in process of liquidation by the banking commissioner, is in custodia legis, and the court of the county where the bank is located has exclusive jurisdiction of the subject matter of the liquidation and custody of the property involved. However, the court held that the court in another county in which land was located, had jurisdiction under the statute to entertain a suit against the bank and its receiver and to decree foreclosure of a vendor's lien, although it could not order a sale of the bank property while it was in the custody of the court of the county where the bank was located. The rationale of Ogden is applicable to the case at bar.

194

The participation of the receiver in the Superior Court proceeding cannot be construed as a recognition of that court's jurisdiction in derogation of the jurisdiction specially vested in the DuPage County Circuit Court under the Banking Act. The receiver, prior to taking part in the Superior Court proceeding, obtained the authority and approval to do so from the Circuit Court, and, in so doing, evidenced its recognition of the special jurisdiction and control granted unto that court by the Act. It should also be noted that one of the reasons for the priority principle is the avoidance of possible conflicting results. Here the Circuit Court granted the receiver permission to intervene in the Superior Court to there try the issues relative to the Crest items. The Circuit Court thereafter took no action relative to these matters until a final decree was rendered by the Superior Court. There is nothing in the record to indicate that the Circuit Court intends to do anything inconsistent with the decree of the Superior Court.

Parenthetically, it might be noted that the priority principle rests upon the superior right of the first court acquiring jurisdiction to act and it assumes that the first and second actions would be between the same parties, seeking and opposing the same remedy. Here the Superior Court never obtained jurisdiction over the Director. At the time the injunction writ was issued out of the Circuit Court and at the time it was served upon appellants here, the receiver had not yet intervened in the Superior Court proceeding. Thus, at a time when the Circuit Court obtained jurisdiction and issued the writ complained of, neither the receiver nor the Director were parties to the Superior Court action. Further, in said respective proceedings, the parties were not seeking and opposing the same remedy.

The litigation in the Superior Court could not, under the facts of this case, oust special jurisdiction from the Circuit Court of DuPage County. The order of the Circuit Court of May 16, 1963, and the injunction writ issued pursuant thereto were valid exercises of the special statutory jurisdiction conferred upon that court and invoked by the Director. Thus, the order of the court of December 9, 1964, declining to dissolve the injunction writ was proper and is, accordingly, affirmed.

Order affirmed.

MORAN and DAVIS, JJ., concur.