448 P.2d 857

Helen Ann WILSON, Petitioner,

v.

The Honorable Lee GARRETT, Judge of the Superior Court of the State of Arizona, in and for the County of Pima, sitting as a committing magistrate; William SCHAFER, III, Pima County Attorney, real party in interest, Respondents.

No. 9103–PR.

Supreme Court of Arizona.

In Banc.

Jan. 3, 1969.

Rehearing Denied Feb. 4, 1969.

W. Edward Morgan, Tucson, for petitioner.

William J. Schafer, III, Pima County Atty., by Peter Chase Neumann, Deputy County Atty., Tucson, for respondents.

## PER CURIAM.

This case was brought here from the Court of Appeals, Division Two, on a motion to review in which petitioner seeks to set aside a denial of an application for a writ of prohibition. Ordered that a permanent writ of prohibition issue.

Petitioner, Helen Ann Wilson, was charged by criminal complaint in a justice court of Pima County with the possession and selling or giving away of marijuana. After an extensive preliminary examination extending over portions of four days, the justice of the peace who acted as the committing magistrate, being of the view that there was no probable cause, ordered the complaint dismissed. The County Attorney of Pima County then filed another criminal complaint in the Superior Court of Pima County. The superior court judge before whom the proceedings were lodged is presently withholding a decision as to probable cause pending a determination by this court as to whether under the circumstances there is the necessary authority to proceed.

■ In order to understand petitioner's position, a brief review of the cases and statutes applicable is required. There are two procedures in Arizona by which probable cause to hold an accused for trial may be determined. Almost invariably, as was originally done in the instant case, a criminal complaint is filed with the justice of the peace in whose precinct the offense was committed. He then acts as a magistrate at a preliminary examination to determine whether there is probable cause to hold the accused to answer to the charge. See A.R.S. § 22–301, as amended, Laws of 1966, Ch. 105.

By Art. II, § 30 of the Arizona Constitution, A.R.S., no person may be prosecuted by information without a preliminary examination *before a magistrate*. By A.R.S. § 1–215 [11] as amended, Laws of 1959, Ch. 65, judges of the superior court and justices of the peace are designated as magistrates. Accordingly, a criminal complaint may be filed in the superior court and the determination of probable cause can be made by any superior court judge sitting as a magistrate. See Sheridan v. Superior Court, 91 Ariz. 211, 370 P.2d 949; State ex rel. Hammond v. Kingman Justice Precinct Court, 88 Ariz. 342, 356 P.2d 694; State ex rel. Mahoney v. Stevens, 79 Ariz. 298, 288 P.2d 1077.

■ In State v. Byrd, 94 Ariz. 139, 382 P.2d 555, we held that a felony complaint could be refiled in a different justice precinct after a determination of want of probable cause in the precinct where first filed. In State ex rel. Corbin v. Superior Court in 1966, 100 Ariz. 236, 413 P.2d 264, modified on rehearing, 100 Ariz. 362, 414 P.2d 738, we held that the jurisdiction of a justice of the peace sitting as a committing magistrate was county wide. The legislature pending the publication of our decision in State ex rel. Corbin v. Superior Court, supra, amended A.R.S. § 22–301 by providing in effect that justices of the peace have jurisdiction to conduct preliminary examinations over offenses committed only within their respective precincts. The amended statute prevented prosecuting officials from initially choosing a particular precinct to the possible disadvantage of the accused and also from refiling in a different precinct if the prosecuting attorney was not satisfied with the ruling of the justice of the peace presiding in the first precinct.

■ The jurisdiction of a superior court judge to conduct a preliminary hearing and to determine probable cause in criminal offenses is, as stated, dependent upon legislative sanction in that judges of the superior court are specifically designated as

magistrates. Without such a designation, a superior court judge would not be authorized to conduct preliminary hearing. State ex rel. Mahoney v. Stevens, 79 Ariz. 298, 288 P.2d 1077, supra.

No rule of law is better recognized than that, where two courts have concurrent jurisdiction, the first acquiring jurisdiction retains it to the exclusion of the other until the case is finally determined. See e. g. In Re Knight, 63 Ill.App.2d 184, 211 N.E.2d 449. While it can, of course, be argued that the dismissal of the complaint terminated the proceedings, the obvious application of the principle is apparent in the case at bar. The legislature in amending A.R.S. § 22-301 pending our decision in State ex rel. Corbin v. Superior Court, supra, plainly indicated that a criminal prosecution must not be shuttled from one magistrate to another simply because a county attorney is not satisfied with the action of the magistrate in the precinct whose jurisdiction was first invoked.

The county attorney could have originally instigated the action by filing a criminal complaint in the superior court but the spirit and plain intendment of the amended act requires that the prosecution be confined to the jurisdiction of the first choice. Were it otherwise, an accused could be repeatedly charged before a series of magistrates, repeatedly subjected to jail, to the posting of bonds and to the expense and harassment of appearing in person and with witnesses to defend. Prohibition is the proper remedy where there is sought to be enforced the priority principle. Scott v. Ind. Accident Commission, 46 Cal.2d 76, 293 P.2d 18.

We note that the prosecuting attorney is not foreclosed from proceeding in the same justice precinct if it appears that a different decision would be justified. Nor, of course, is the state foreclosed from presenting the matter to a grand jury.

A peremptory writ of prohibition shall issue, forbidding the Superior Court of Pima County from continuing further with the proceedings.

McFARLAND, C. J., UDALL, V. C. J., and STRUCKMEYER, BERNSTEIN and LOCKWOOD, JJ., concur.