In the Matter of the Application of EDWARD T. COLL and Others, Petitioners, for an Order against GRACE A. REAVY and Others, Constituting the Civil Service Commission of the State of New York, Respondents, and WILLIAM J. SHEA and SAMUEL W. FENTON, on Behalf of Themselves and All Others Similarly Situated, Intervenors.

Supreme Court, Special Term, Albany County, May 16, 1939.

*John C. McDermott*, for the petitioners.

*John J. Bennett, Jr., Attorney-General* [*Patrick H. Clune* of counsel], for the respondents.

*Arthur A. Baker*, for the intervenors.

BERGAN, J. Upon the pleadings and stipulation of fact made by the parties, no triable issue is presented. Petitioners were appointed as process servers in the district attorney's office of New York county from an eligible list established for court attendant in the Supreme Court, First Judicial District. This is a position in the State service. The positions to which they were appointed, however, were in the county service of New York county, and not in the State service, and the status of petitioners as county employees was not changed by the fact that they were appointed from a list established for appointments in the State service. (See discussion of county and State service in *Matter of Miller* v. *State*, 279 N. Y. 74.) When separated from the county service, petitioners cannot rely upon their status as county employees to entitle them to a place on the preferred list in the State service. When section 31 of the Civil Service Law is considered in its entirety it must be construed as distinguishing the rights of one separated from the State service from one separated from county or other local service. Assuming substantial similarity of position and entrance requirements, the statute clearly means that the preferred list for county service shall not entitle one separated from such service to appointment in the State service. This conclusion is not avoided here by the fact that a list for a position in the State service was used for appointments in the county service.

But if it be assumed the preferred list is available for either service interchangeably, refusal of respondents to enter the names of petitioners upon a preferred list for appointment to the position of court attendant under the facts pleaded and stipulated has not been shown to be a violation of a duty enjoined by law upon the respondents within the scope of subdivision 1 of section 1296 of the Civil Practice Act, or a violation of any rule of law affecting the rights of the parties within the scope of subdivision 5 of that section. Reasonable men may differ upon the question whether the position of process server has " the same or similar requirements for entrance " as court attendant in the Supreme Court. The respondents, in the exercise of judgment and discretion, have concluded that the qualifications for entrance are not the same or similar. Accepting petitioners' pleading and the stipulated facts I cannot say that this conclusion is arbitrary or unreasonable. The fact that appointments to the position of process server were made from

the list for court attendant is not conclusive upon the question of the identity or substantial similarity of requirements for entrance. The respondents contend, with persuasive force, I think, that the acceptance of a position in a lower classification, by one on a list for appointment to a position in a higher classification cannot be made the instrument of a circuitous advancement on that list to a position of preference in appointment over those higher on the list. The evils that would follow such a practice are readily apparent. It does not follow that the use of a list in a higher classification for appointment in a position of lower classification renders the " requirements for entrance " of the two the " same or similar " within the scope of section 31 so as to require one separated from service in the lower classification to be placed on the preferred list in the higher classification. Unless there is a violation of statute, or the act of the civil service authorities is clearly arbitrary and unreasonable, their determination will not be interfered with by judicial action. (*People ex rel. Schau* v. *McWilliams*, 185 N. Y. 92, 99; *People ex rel. Moriarty* v. *Creelman*, 206 id. 570.)

I think the provisions of section 16 of the Civil Service Law, relating to transfers, promotions, reinstatement, etc., in the service are not applicable to the facts pleaded as to those petitioners presently on the eligible list or to the acts of the respondents here complained of. The authorization of the respondents to the promotion, transfer or reinstatement is required as a prerequisite of appointment of one on an eligible list, and this authorization has not been given. The respondents are not, in any event, the appointing officers, to which this section applies.

Petition dismissed on the merits.

Submit order.