244 P.2d 1157

**CIVIL SERVICE BOARD OF CITY OF PHOENIX et al. v. WARREN et al.**

No. 5479.

Supreme Court of Arizona.

June 9, 1952.

Rehearing Denied July 8, 1952.

Lawrence H. Whitlow, City Atty., and Harold R. Scoville and Charles A. Stanecker, of Phœnix, for appellant and intervenors.

Snell & Wilmer and James A. Walsh, of Phœnix, for appellees.

DE CONCINI, Justice.

This is an appeal from a judgment of the trial court in favor of petitioners, directing the issuance of a peremptory writ of mandamus to annul a promotional police examination held by the city of Phœnix. The respondents, appellants in this case, constitute both the intervenors and the Civil Service Board of the city of Phœnix. The latter will hereafter be referred to as the Board. The petitioners (appellees) and intervenors were all members of the police department of the city of Phœnix. They all participated in the civil service examination for promotion. The intervenors were successful in their examination and were placed on the eligibility list. The petitioners however were unsuccessful and brought this action. The judgment of the lower court annulled the examination. The case was submitted to the trial court on an agreed statement of facts.

The petitioners contended in the lower court that the examination and the eligibility list established therefrom was invalid, because: (1) The oral tests administered by the Board were invalid in that no competent record of questions was made, contrary to section 1094, Phœnix Municipal Code, 1939. Sec. 5, Part III Phœnix Mun.Code, 1951. (2) There were no service ratings or efficiency records maintained by the Board in scoring the applicants, this being contrary to section 1092, Phœnix Mun.Code, 1939. Sec. 3(10), Part III Phœnix Mun.Code, 1951.

The trial court held, in granting the peremptory writ of mandamus that the failure to keep the efficiency service records and ratings as provided for by the ordinance, was fatal. From this finding, the Board and the intervenors appeal. The trial court further found that the oral examination sufficiently complied with the civil service ordinance of the city of Phœnix. From this ruling the appellees cross-appeal.

We will first consider appellants' assignment of error.

The appellants in this case assail the trial court's holding, on the admitted facts, that because the efficiency service records and ratings were not kept by the police department as the ordinance requires, that is not sufficient reason to annul the promotional examination. Their assignment of error is predicated on three propositions of law, two of which can be combined and stated as follows:

Civil service laws should be liberally construed to promote efficiency in government and provide equal opportunities to all who seek to avail themselves of those opportunities.

 This proposition of law is incorrect because administrative bodies must comply strictly with civil service laws. We have only to look at the case of Taylor v. McSwain, 54 Ariz. 295, 95 P. 2d 415, at page 422, to realize the effect the courts give civil service laws:

"It is the general rule that civil service regulations adopted by any commission, under the authority of a statute, have the same force and effect, so far as their scope is concerned, as law, and that all persons affected thereby, including the commission and its officers and employees, are bound to follow them so far as they are applicable." (Citing cases.)

If the civil service laws have the same force and effect as law, it therefore follows that the provisions of the statute requiring efficiency service records and ratings is mandatory on the Board and should be strictly complied with by the Board. In Massachusetts, Kenney v. McDonough, 315 Mass. 689, 53 N.E.2d 1006, the rule enunciated in the Taylor case is applied. Colorado too follows the identical doctrine, Edwards v. Guthner, 106 Colo. 209, 103 P. 2d 6. The state of New York in Coll v. Reavy, 173 Misc. 338, 19 N.Y.S.2d 25, 26, further enunciated and sets forth the general rule on the subject:

"*Unless there is a violation of a statute*, or the act of the state civil service authorities is clearly arbitrary and unreasonable, their determination will not be interfered with by judicial action." (Emphasis ours.)

Following the language above quoted, it can readily be seen from the agreed statement of facts that the statute was clearly violated by the Board failing to keep the efficiency records. The object of the civil

service laws is to protect the employees and the public from the spoils system. The purpose of civil service is to secure more efficient employees and thereby promote better government. Therefore any violation of an ordinance enacted for the purpose of preserving that efficiency is fatal because it weakens the system of competitive selection which is the basis of civil service legislation.

Appellants' third proposition of law which supports their assignment of error is based on the doctrine of laches. It is the appellants' contention that the agreed statement of facts indicates that the petitioners knew the records were not in existence and because of this fact it now amounts to laches for the petitioners to object to the examination when they should have objected at the time it was given. We quote from the following pertinent paragraphs of the agreed statement of facts which appellants urge in support of their theory:

Paragraph V—"That in conducting said Examination No. 690, and in grading the applicants in said examination, the examiners did not take into account or give any weight to the service records of the applicants, or any of them, for efficiency, character and conduct; that, in fact, no such service records have been kept of the applicants in said Examination No. 690, or any other employees of the City of Phœnix for many years past; that for many years none of the applicants has signed a service rating record for efficiency, character and conduct, as provided by Civil Service Rule VI."

Paragraph VII—"* * * That prior to the commencement, and throughout completion of the examination, none of these petitioners, or any other applicant for Examination No. 690, protested or in any way took exception to the fact that efficiency or service records were not used as a part of the grading criteria."

Appellants' theory we think definitely shows that although the ordinance in question was violated by the Civil Service Board, the petitioners were guilty of laches, since the petitioners were required by Civil Service Rule VI to sign service rating records and not having done so it is a clear indication to this court that they knew that such records were not kept and have waived their right to object to the examination because of their knowledge of it beforehand. Therefore they have waived their rights to strict compliance with the ordinance. Davier, v. Reavy, Sup., 39 N.Y.S.2d 269. The Civil Service Administration should keep efficiency service records in compliance with the ordinance because in absence of laches or a waiver of those provisions by the applicants, any examination made pursuant to the ordinance would be void. In this respect the trial court was in error.

Appellees' cross-assignment of error goes to the lower court's ruling that the oral ex-

92

amination sufficiently complied with the city ordinance. The ordinance required that the questions and answers of the applicants be recorded.

The agreed statement of facts stated that no record was made denoting which questions were asked the applicants nor their answers thereto. Instead of making a record as required by ordinance, the examiners merely noted on their score cards their impressions as to the applicants' appearance, alertness, poise, personality, judgment, and quality of leadership. Thus it can be seen the court's holding was contrary to the evidence and its conclusion on that score cannot stand.

In State ex rel. Kos v. Adamson, 226 Minn. 177, 32 N.W.2d 281, 284, the court said:

"The doctrine of substantial compliance has no application to the performance of duty by those entrusted with the administration of the civil service law. It would open the door to abuses which the law was designed to suppress. The law provides for a complete system of procedure designed to secure appointment to public positions of those whose merit and fitness have been determined by examination, and to eliminate as far as practicable the element of partisanship and personal favoritism in making appointments."

which we adopt as good law.

Appellants rely on Sloat v. Board of Examiners of Board of Education of New York, 274 N.Y. 367, 9 N.E.2d 12, 112 A.L.R. 660, and Almassy v. Los Angeles County Civil Service Commission, 34 Cal.2d 387, 210 P.2d 503, as authority for the proposition that results of examinations do not have to be recorded. A careful reading of those cases will reveal that they are distinguishable from the case at bar and therefore not persuasive.

While the trial court was in error on the last-mentioned point, yet its judgment in ordering the writ made peremptory was correct.

Judgment affirmed.

UDALL, C. J., and STANFORD, PHELPS, and LA PRADE, JJ., concur.