257 P.2d 384

CIVIL SERVICE COMMISSION OF CITY OF TUCSON et al. v. FOLEY.

No. 5657.

Supreme Court of Arizona.

May 25, 1953.

Harry L. Buchanan, Tucson City Atty., and J. Luther Davis, Asst. City Atty., Tucson, for appellants.

Conner & Jones by James M. Murphy, Tucson, for appellee.

PHELPS, Justice.

Harry E. Foley, plaintiff-appellee, obtained orders on February 13 and February 18, 1952, respectively, in the superior court of Pima County in certiorari proceedings against the Civil Service Commission of the city of Tucson and its members, defendants-appellants herein, directing the commission to reinstate plaintiff to the position of desk sergeant in the police department of that city, from which defendants prosecute this appeal. The parties will be hereinafter referred to as plaintiff and the commission.

Plaintiff entered the service of the city of Tucson as a member of its police department in 1932. Some time thereafter, not disclosed by the record, he became a desk sergeant in the department. As such, he was at all times subject to the rules and regulations of the civil service commission of the city.

On March 27, 1939, plaintiff requested the commission to grant him a leave of absence for 90 days on account of "ear trouble". On June 12 following he wrote a letter to the chief of police requesting that his temporary reduction from police sergeant to that of police patrolman be continued for another 90 days from July 1 to September 30, 1939, in order that he might further recuperate from his disability. The record discloses no further letters from plaintiff concerning his position until July 15, 1940, when he wrote the commission to inquire what his status was after the commission had abolished the position of desk sergeant and changed it to communications and record sergeant. On August 9, 1940, pursuant to correspondence between plaintiff and the commission, he was restored to the position of desk sergeant and continued to perform the duties thereof until July, 1941, when he again requested to be relieved from such duties for at least one year or until such time as his health would permit him to return to the desk.

The chief of police thereafter on July 23, 1941, granted the request and permitted him to assume the duties of a patrolman with the rate of pay fixed at that of patrolman first class. In January, 1942, plaintiff presented to the chief of police a doctor's certificate that he was physically able to resume his duties as desk sergeant and on February 1, did resume such duties. The following October plaintiff again requested to be relieved of the duties of desk sergeant on account of poor hearing and voluntarily asked to be demoted to patrolman first class, and to have his name placed on the re-employment list. This request was granted by the chief of police and approved by the commission.

Subsequently on January 30, 1943, plaintiff declined appointment to the position of desk sergeant for a period of six months be-

cause of poor hearing. The record next discloses that on November 8, 1943, the director of personnel in accordance with the rules and regulations of the commission certified the name of plaintiff for the position of sergeant of police as the only candidate on the eligible list for such position. The certification, however, was made subject to a physical examination as provided for under section 12, rule V, of such rules and regulations. Upon being notified of the action of the commission and request being made in said notification for him to report to the chief of police as early as convenient for such examination or to sign a waiver (included as a part of such notice), plaintiff refused to either take a physical examination or to sign the waiver.

The commission thereafter on November 12, 1943, removed plaintiff's name from the re-employment list and assigned as reason therefor his refusal to take the physical and medical examination. The record discloses no further action by plaintiff until September 12, 1949, when he informed the commission by letter that he was then ready to return to his duties as desk sergeant. This request was denied and the secretary of the commission ordered to advise Foley of the action taken. Later, on January 11, 1950, plaintiff personally appeared before the commission and requested that he be placed on the re-employment list for the position of desk sergeant. The commission thereupon requested an opinion of the city

attorney which was not furnished to it until May 29, 1951.

The opinion of the city attorney was adverse to plaintiff. The commission acted upon his advice and refused to authorize plaintiff's reinstatement as desk sergeant. Plaintiff then asked for a hearing before the commission which was granted. He was represented at such hearing by counsel and after due consideration the previous ruling was affirmed. Plaintiff at no time has offered to take a physical examination but instead thereof, brought this action in certiorari as above stated.

The commission has assigned a number of errors which in substance are:

1. That the court exceeded its jurisdiction in directing the commission to reinstate plaintiff;

2. That even if it had jurisdiction to direct plaintiff's reinstatement as police sergeant the commission had no authority under the powers vested in it to legally comply with such order;

3. That the power of appointment is vested in the chief of police and city manager;

4. That the court erred in reversing the order of the commission for the reason that plaintiff refused to submit to a physical examination as required by its rules and regulations;

5. That plaintiff's right to reinstatement as desk sergeant was lost because whatever rights he had to such reinstatement by virtue of being on the re-employment

list expired by operation of law on October 26, 1944, under the provisions of rule VI, section 4, rules and regulations of the commission;

6. That it is against public policy to allow one to wait five years to assert that he had been deprived of any rights by the commission and then waiting from January, 1950, to August, 1951, before requesting a rehearing.

The first question then is: Did the court have jurisdiction to enter the orders or judgment on the dates above specified? The orders are identical and we will treat them as a final judgment from which this appeal was taken.

■ The function of certiorari is limited to the question of whether the inferior tribunal has regularly pursued its statutory authority, i. e., has it acted within or in excess of its jurisdiction? The court on review of such proceedings may not weigh the evidence introduced before the inferior tribunal on which its decision or finding is based in order to determine the correctness of the decision reached but it will consider such evidence in so far as it may tend to show jurisdiction or the lack thereof, to render the decision about which complaint is made and questioned in the certiorari proceeding. It has never been used to search for error in the judgment rendered where the court or other tribunal had jurisdiction. Griffin v. Denton, 61 Ariz. 454, 150 P.2d 95; Hunt v. Norton, 68 Ariz. 1, 198 P.2d 124, 5 A.L.R.2d 668.

■ If the commission had jurisdiction to make the order of which complaint is made and the court so found, the limit of the authority of the court under the law was to affirm the order of the commission. If the commission was without jurisdiction and the court so found, the limit of the court's authority was to vacate and set aside such order. It was wholly without jurisdiction to direct the commission to reinstate plaintiff or to order his reinstatement by any one. Therefore, regardless of whether the commission had jurisdiction to make the order upon which these proceedings were instituted, the judgment of the trial court must be reversed for lack of jurisdiction to make and enter the orders it made.

In view of the fact, however, that the primary question with which the parties to this litigation are concerned is whether the commission acted within, or in excess of, its jurisdiction in refusing to authorize the reinstatement of plaintiff as desk sergeant in the police department of the city of Tucson, we believe it to be our duty to consider and determine that question in this decision.

■ The civil service commission of the city of Tucson adopted rules and regulations designed to aid it in the exercise of its powers under the law and so long as such rules and regulations do not conflict with the provisions of the city ordinances and city charter or with the statutes and constitution of the state, they are entitled to be

given the force and effect of law. Taylor v. McSwain, 54 Ariz. 295, 95 P.2d 415; Civil Service Board of City of Phoenix v. Warren, 74 Ariz. 88, 244 P.2d 1157.

■ Under the provisions of the rules and regulations adopted by the commission, the plaintiff on a number of occasions between March, 1939, and October 15, 1942, was intermittently granted permission to be separated from his duties as desk sergeant and to continue in the service as a first class patrolman on account of physical disability, i. e., ear trouble. Plaintiff was permitted on each occasion to resume his work as desk sergeant without question during that period.

On October 15, 1942, plaintiff wrote the following letter to the chief of police:

"Due to a physical condition, mainly my inability to hear very well, I can no longer work as a full-time police sergeant at the desk.

"I voluntarily ask to be demoted to the position of 1st class patrolman and placed on the employment list."

This request was granted on October 26 and plaintiff was placed on the re-employment list on that date with a notation that it expired on "10–26–44". The list contained only the name of plaintiff as being eligible for appointment as desk sergeant in the police department.

By this process plaintiff separated himself from the position of desk sergeant and placed himself in the classification of pa-

trolman first class in the police department of that city. He therefore was in the same position as that of any other patrolman first class in the department except that at the time he was demoted, at his request his name was placed upon the re-employment list for the position of desk sergeant. This request being granted, purportedly made him eligible for such appointment.

Section 12 of rule V adopted by the commission provides that:

"Persons certified from any eligible list must submit to and successfully pass a special physical and medical examination immediately before being tendered a permanent appointment to any position in the classified service."

The position of police sergeant falls within the term "classified service." Therefore plaintiff was subject to that rule. He contends, however, that this does not apply to one already permanently employed in the classified service of the city and that he was permanently employed as a patrolman first class and therefore had the right to have his name placed upon the re-employment list each time such a list was prepared. We fail to find any authority in the rules for such assertion. Conceding that he did have that right, nevertheless section 12, rule V, supra, required that he *submit to and successfully pass a special physical and medical examination immediately before being tendered a permanent appoint-*

*ment to any position in the classified service.* This language is certainly broad enough to include a promotional position in the classified service to which he belonged.

Section 12, rule V, supra, further provides that:

" * * * Failure of any person to submit himself for such special examination at the time and place designated shall cause his name to be removed from the certification and the eligible list from which it was certified. * *"

It will be observed that this provision is mandatory. It vests no discretion in the commission or director of personnel acting for the commission, to carry its provisions into effect. The removal of the name from the eligible list is accomplished by the ministerial act of the director of personnel. Plaintiff, having failed and refused to take such examination, his name could no longer be considered by the commission to be on the eligible list for desk sergeant regardless of their personal desires in the matter and plaintiff is in no position to complain because of its removal. The plaintiff's name having been removed from the eligible list, the commission was without authority to authorize his appointment as desk sergeant.

The trial court therefore erred in reversing the order of the commission refusing to reinstate plaintiff as desk sergeant. It erred in reversing such order for the further reason that the rules provide that the names of employees placed on a re-employment list or lists shall be retained thereon for a period of two years (only). At the expiration of the two-year period the names are by operation of law removed from such list. The re-employment list upon which plaintiff's name appeared expired on October 26, 1944, and even if the order of the commission of November 12, 1943, was without authority and therefore void, the commission had no authority after October 26, 1944, to retain plaintiff's name upon the eligible list for reappointment as desk sergeant and therefore no authority to appoint him to that position. As above stated, under such circumstances plaintiff was not in a position to seek re-employment to that position. Counsel for plaintiff argues that plaintiff had theretofore been reinstated as desk sergeant without being required to take a physical and medical examination and that some other employee had been restored to a civil service position without physical and medical examination after having served as city manager for a number of years. What the commission had done previously in its relation with plaintiff or anyone else created no rights as against the commission in his favor which could possibly form the basis for his claim in this action. In other words if the commission previously violated its rules and regulations, no rights accrued to plaintiff in this action as a result of such violations. Both the law relating to civil service commissions and the rules

and regulations adopted by them must be strictly followed. Civil Service Board of City of Phoenix v. Warren, supra.

 We further hold that plaintiff was guilty of laches in waiting approximately five years to assert any right he may have had to the position of desk sergeant after his name was removed from the eligible list. As suggested in a letter from the commission to plaintiff, civil service was not established by the law-making body for the sole benefit of the employees. Its primary purpose is to enable state, county and municipal governments to render more efficient services to the public. It, of course, does furnish protection to the employees and it is that protection which it furnishes to such employees upon which the belief rests that more efficient public service may be obtained. To uphold plaintiff's conduct as a public employee forcing the commission and the city of Tucson to keep the position of desk sergeant open for his occupancy for over five years without any intimation from plaintiff during such period that he had any intention of ever seeking reinstatement thereto, would set a precedent if followed, that would destroy efficiency in public service.

We believe there is no merit to plaintiff's contention that many of the questions raised in this case were not presented to the trial court. All questions presented here are predicated upon the jurisdiction or lack of jurisdiction of the commission to refuse to reinstate plaintiff as police sergeant for the city of Tucson. Where the question of jurisdiction is involved this court will consider the question whether it is raised in the trial court or not. Mosher v. Bellas, 33 Ariz. 147, 264 P. 468; Hughes v. Industrial Commission, 69 Ariz. 193, 211 P.2d 463.

Judgment reversed and remanded with instructions to dismiss plaintiff's petition.

STANFORD, C. J., and LA PRADE, UDALL and WINDES, JJ., concur.