543 P.2d 1116

Randall E. **WICKS**, Petitioner,

v.

The **CITY OF TUCSON**, the Civil Service Commission of the City of Tucson, William Gilkinson, Paul Miner and Louis J. Felix, Respondents.

No. 11931–PR.

Supreme Court of Arizona,
En Banc.

Dec. 17, 1975.

———◆———

Risner, Wolf & Raven by Peter B. Keller, Roger C. Wolf, Tucson, for petitioner.

Cusick, Watkins, Stewart & Harris by Hugh W. Stewart, Tucson, for respondents.

HAYS, Justice.

We accepted this petition for review to determine the propriety of an action by the Tucson City Civil Service Commission sustaining the discharge of a city police patrolman on the basis of a tie vote of the members of the Commission.

The appellee, Randall E. Wicks, was a patrolman with the Tucson Police Department. On January 29, 1973, Wicks was served with a notice signed by the police

chief that he was discharged from duty as of the following day. The statement of charges listed five counts of misconduct. Pursuant to the request of Wicks, the Commission held a hearing at which the parties were present and at which evidence was taken. The Commission sustained the decision of the police chief by a 2–2 vote of its members pursuant to Rule XII, Sec. 4(c) of the civil service rules then in effect.

Wicks filed a special action in the Superior Court of Pima County which upheld the action of the Commission. He then filed a special action in the Court of Appeals which accepted jurisdiction, reversed the action of the Superior Court and the Commission in a memorandum decision, and reinstated Wicks. A petition for review was then filed and accepted by this court. Rule 8(b), Rules of Procedure for Special Actions. The decision of the Court of Appeals is vacated.

The first challenge is to the jurisdiction of the Court of Appeals in accepting the special action. A judgment in a special action in a superior court may be reviewed by a special action in the Court of Appeals if there is no "equally plain, speedy, and adequate remedy by appeal." Rule 8(a), Rules of Procedure for Special Actions.

■■ The acceptance of a special action by an appellate court is highly discretionary with that court. See Rule 3, Rules of Procedure for Special Actions, State Bar Committee Note. We will not say that the Court of Appeals improperly accepted jurisdiction of a special action unless an abuse of discretion is shown by the party making that argument. No abuse has been demonstrated in this case.

Differing with the trial court, the Court of Appeals held that the case of *Wolkin v. Civil Service Commission of the City of Tucson*, 21 Ariz.App. 341, 519 P.2d 194 (1974), controlled the issue of whether a tie vote of the members of the Commission will uphold the action of the discharg-

ing officer. We agree with the Court of Appeals that a tie vote is not sufficient.

■■ The city charter of Tucson provides that an employee such as Wicks can only be discharged for just cause. The discharging officer furnished Wicks with a catalogue of reasons alleged to provide the police chief with just cause to discharge him. Wicks sought a hearing before the Commission which resulted in the 2–2 vote. The rules of that body then in effect provided that in the absence of a majority opinion to the contrary, the action of the discharging officer will be sustained. Rule XII, Sec. 4(c), Civil Service Rules & Regulations, 1973. The rule is, however, contrary to the city charter. This is the well-reasoned decision in *Wolkin v. Civil Service Commission, supra*. In order for an employee to have the impartial hearing guaranteed him at which time just cause will be proven, the discharging officer must bear not only the responsibility of going forward with the proof, but must bear the burden of persuading a majority of the Commission members by a preponderance of the evidence to concur in his opinion. The Commission must affirmatively find the existence of just cause. The rule, being in conflict with the city charter, is void to the extent that it is contrary to the above. *Civil Service Commission of the City of Tucson v. Foley*, 75 Ariz. 364, 257 P.2d 384 (1953); *Wolkin v. Civil Service Commission, supra*.

■ However, the limit of the court's authority is either to affirm or to vacate and set aside an order of the Commission and then allow the Commission to proceed in accord with the ruling of the court. *Civil Service Commission v. Foley, supra*. It is beyond the court's jurisdiction to order the reinstatement of the employee until such time as the Commission has had an opportunity to proceed in accord with the court's decision.

The judgment of the Superior Court is reversed and the case remanded to that court with instructions to return it to the

Commission for proceedings not inconsistent with this opinion.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concur.