807 P.2d 1136

**Jeffrey Lee SIEGEL dba Festival Park Kitchens, Plaintiff–Appellee,**

v.

**ARIZONA STATE LIQUOR BOARD; Mary Beth Zanes, Chairwoman; Ann Abbey, Member; Manuel Amando, Member; Michael Baca, Member; Kay McKay, Member, Defendants–Appellants.**

**No. 1 CA–CV 89–567.**

Court of Appeals of Arizona, Division 1, Department D.

March 12, 1991.

Rawlins, Burrus, Lewkowitz & Feinstein, P.C. by Jeffrey S. Leonard and John C. Kelly, Phoenix, for plaintiff-appellee.

Grant Woods, Atty. Gen. by Montgomery Lee and Harvey M. Yee, Asst. Attys. Gen., Phoenix, for defendants-appellants.

OPINION

EUBANK, Judge.

The Arizona State Liquor Board (the "Board") and its members appeal from the trial court's determination that the Liquor Board failed to act officially on appellee Jeffrey Lee Siegel's ("applicant") appeal because the Board's vote was a tie vote rather than a majority vote. Because we hold that A.R.S. § 4–111.C. requires a majority vote of a quorum in order for official

action to be deemed taken by the Board, we affirm.

## FACTS AND PROCEDURAL HISTORY

Appellee Jeffrey Lee Siegel submitted an application for a person and location transfer of a beer and wine bar liquor license. The Superintendent of the Department of Liquor Licenses and Control (the "Superintendent") denied the transfer, and the applicant appealed the Superintendent's decision to the Board. Following a hearing, a member of the Board moved to reverse the Superintendent's decision. Of the six members present at the hearing, three voted in favor of the motion and three against. The Board's acting chairman determined that a tie vote had the effect of upholding the Superintendent's decision, and she issued a decision denying the appeal and affirming the decision of the Superintendent.

The applicant then filed a complaint in superior court for judicial review of the Board's decision. A.R.S. §§ 4–211, 12–901 —914. Following the filing of the administrative record, the applicant filed a motion for judgment on a number of grounds, including the ground that because the tie vote of the Board did not constitute official action, the Superintendent's decision was not "final" for purposes of review and, therefore, the matter must be remanded for further proceedings before the Board.

The trial court granted the applicant's motion, and issued judgment in the applicant's favor on the ground that his appeal before the Board "was not officially acted upon by the board, as required by A.R.S. § 4–210(I)." The trial court remanded the matter to the Board for further consideration, and granted the applicant's request for attorney's fees and costs. The state appealed this judgment, raising as the sole issue the question whether the tie vote of the Board was a final decision affirming the Superintendent's order.

## STANDARDS OF REVIEW

Where there is an appeal of an administrative board's decision pursuant to the Administrative Review Act, the superior court determines whether the adminis-

trative action was illegal, arbitrary, capricious, or was an abuse of discretion *Ethridge v. Arizona State Board of Nursing,* 165 Ariz. 97, 100, 796 P.2d 899, 902 (App. 1989). On an appeal of the superior court's judgment "neither the trial court nor this court can weigh the evidence and substitute the court's findings for that of the agency." *Plowman v. Arizona State Liquor Board,* 152 Ariz. 331, 335, 732 P.2d 222, 226 (App.1986). As to questions of fact, this court does not substitute its conclusion for that of the Board, but reviews the record only to determine whether substantial evidence supports the agency's decision and whether the Board exercised its discretion reasonably and with "due consideration." *Petras v. Arizona State Liquor Board,* 129 Ariz. 449, 452, 631 P.2d 1107, 1110 (App.1981); *Havasu Heights Ranch and Development Corp. v. Desert Valley Wood Products, Inc.,* 167 Ariz. 383, 807 P.2d 1119 (App.1990) (whether substantial evidence exists is a question of law). In this case, the issue concerns a construction of the statutes controlling the actions of the Arizona State Liquor Board, as to whether a tie vote constitutes a decision by the Board. A question of statutory interpretation involves a question of law, and this court is not bound by the trial court's or the agency's conclusions as to questions of law. *U.S. Parking Systems v. City of Phoenix,* 160 Ariz. 210, 211, 772 P.2d 33, 34 (App.1989); *Carley v. Arizona Board of Regents,* 153 Ariz. 461, 463, 737 P.2d 1099, 1101 (App.1987).

## DISCUSSION

The state argues that the applicant had the burden of convincing a majority of the Board to overturn the Superintendent's decision. The tie vote therefore constituted an official decision denying the appeal and affirming the Superintendent's decision. In making this argument appellants rely on *Scowden v. Industrial Commission,* 115 Ariz. 81, 563 P.2d 336 (App.1977), and *Rabago v. Industrial Commission,* 132 Ariz. 79, 643 P.2d 1049 (App.1982). In both cases the court held that a tie vote of the Industrial Commission had the effect of

disapproving claimants' petitions where the burden was on the petitioners requesting a lump sum award to secure a majority vote. Similarly, in *Wicks v. City of Tucson*, 112 Ariz. 487, 543 P.2d 1116 (1975), the Arizona Supreme Court held that a tie vote of the Tucson Civil Service Commission on a police officer's appeal of his discharge was not sufficient to uphold the officer's discharge because the discharging officer had the burden of showing just cause for the termination pursuant to the Tucson city charter. *Id.* at 488, 543 P.2d at 1117.

We find these cases unpersuasive because they deal with agencies other than the Board, which operate under different governing statutes.[1] This court will not implement a broad generalized rule of procedure to govern all cases involving actions by administrative agencies. "The rule that the powers and duties of administrative agencies and other inferior tribunals are strictly limited by the statute creating them continues to the present time as the rule of law in Arizona." *Boyce v. City of Scottsdale*, 157 Ariz. 265, 267, 756 P.2d 934, 936 (App.1988). Administrative agencies are specifically created and precisely governed by statute. There is no need to look beyond the statutes which govern the Board.

■ Under A.R.S. § 4–111 et seq., the Board consists of seven members, and a majority of those seven members constitutes a quorum. A.R.S. § 4–111.B. Further, A.R.S. § 4–111.C., states,

> The board shall annually elect from its membership a chairman and vice-chairman. A majority of the board constitutes a quorum, and **a concurrence of a majority of a quorum is sufficient for taking any action.** If there are unfilled positions on the board, a majority of those persons appointed and serving on the board constitutes a quorum.

(Emphasis added.)

A concurrence of a majority of a quorum of the Board is "sufficient for taking any action." A.R.S. § 4–111.C. That being the case, a lack of a majority of a quorum is insufficient for Board action. We believe that the legislative intent is clear; a majority of a quorum of six requires at least four votes for taking official action. *State ex rel. Corbin v. Pickrell*, 136 Ariz. 589, 592, 667 P.2d 1304, 1307 (1983) (where the statutory language is unambiguous, that language must ordinarily be regarded as conclusive, absent a clearly expressed legislative intent to the contrary). In this case, six members of the Board were present and voted at the hearing, resulting in a 3–3 tie. Therefore, because a majority of the quorum did not "affirm, reverse or modify" the Superintendent's decision, the matter must be remanded to the Board for a final decision in which a majority of a quorum of the Board concurs in the resolution of this appeal. A.R.S. § 4–210.I. The trial judge was correct in concluding that the 3–3 vote did not constitute Board action.

### Conclusion

Based on A.R.S. § 4–111.C., we hold that the Board did not take action regarding applicant's appeal, and we affirm the trial judge's decision remanding this matter back to the Liquor Board for a final deci-

---

1. The statutes relied upon in *Scowden* and *Rabago*, are A.R.S. §§ 23–101.B., and 23–103. A.R.S. § 23–101.B., states in pertinent part, "The commission shall be composed of five members appointed by the governor pursuant to § 38–211." A.R.S. § 23–103 says:

   > A majority of the commission shall constitute a quorum to transact business. When a vacancy occurs in the commission, the remaining commissioners may exercise all the powers of the commission until the vacancy is filled.

   In the present case the statutory language governing the board reads:

   > The board shall annually elect from its membership a chairman and vice-chairman. A majority of the board constitutes a quorum, and a concurrence of a majority of a quorum is sufficient for taking any action. If there are unfilled positions on the board, a majority of those persons appointed and serving on the board constitutes a quorum.

   A.R.S. § 4–111.C. The statutory language involved in *Scowden* and *Rabago* is not comparable to the language in the present case. The phrase, "a concurrence of a majority of a quorum is sufficient for taking any action," is controlling in this case.

sion in which a majority of a quorum concurs in the Board's action.

VOSS, P.J., and McGREGOR, J., concur.