897 P.2d 1388

**CARONDELET HEALTH SERVICES, dba St. Mary's Hospital, Plaintiff/Appellee,**

**v.**

**ARIZONA HEALTH CARE COST CONTAINMENT SYSTEM ADMINISTRATION, an agency of the State of Arizona; and Dr. Leonard Kirschner, in his capacity as Director, Defendants/Appellants.**

No. 2 CA–CV 94–0320.

Court of Appeals of Arizona, Division 2, Department A.

Feb. 21, 1995.

Review Denied July 11, 1995.*

---

* Feldman, C.J., of the Supreme Court, voted to grant the petition for review on the validity of the "sudden onset" regulation.

Gammage & Burnham P.L.C. by Richard B. Burnham and Cameron C. Artigue, Phoenix, for plaintiff/appellee.

Johnston Maynard Grant and Parker, P.L.C. by Catherine M. Dodd and Anne C. Longo, Phoenix, for defendants/appellants.

## OPINION

FERNANDEZ, Judge.

Arizona Health Care Cost Containment System (AHCCCS) Administration appeals from the superior court's reversal of an order of the AHCCCS director adopting the findings and conclusions of the administrative hearing officer following a hearing. AHCCCS had denied St. Mary's claim for emergency medical services rendered. Because there was evidence supporting the administrative ruling, we vacate the superior court's ruling and reinstate the administrative ruling.

The patient, a 50–year–old male, had been diagnosed with liver cancer approximately two years prior to his hospitalization. Following chemotherapy he was much improved and treatment was discontinued. Fourteen months later, on April 4, 1990, a chest x-ray revealed multiple nodules in both lungs and a deterioration of his liver functions. On April 11, 1990, the patient was admitted to appellee Carondelet Health Services, St. Mary's Hospital, in Tucson. The patient was found ineligible for coverage under AHCCCS at admission because his income exceeded the eligibility limits and required a spend down. On April 12, 1990, the patient incurred hospital expenses qualifying him for AHCCCS, effective April 15, 1990. Once qualified, the patient then became AHCCCS eligible for the April 11–14 period on a fee-for-service basis, but only for emergency medical services. A.R.S. §§ 36–2908, 2909(A).

St. Mary's contended that the services rendered during that three-day period were emergency services and submitted a claim for reimbursement. AHCCCS denied St. Mary's claim, acknowledging that while the services were medically necessary, they did not fall within the definition of emergency medical services pursuant to Ariz.Admin.Code R9–22–101(45),[1] which states that:

"Emergency medical services" means services provided after the sudden onset of a medical condition manifesting itself by acute symptoms of sufficient severity (including severe pain) such that the absence of immediate medical attention could reasonably be expected to result in:

a. Placing the patient's health in serious jeopardy;

b. Serious impairment to bodily functions; or

c. Serious dysfunction of any bodily organ or part.

That definition was created by the AHCCCS director pursuant to his authority under A.R.S. § 36–2908(E).[2]

In denying the claim, the AHCCCS hearing officer found as follows:

---

1. Ariz.Admin.Code R9–22–101(38) when this matter was initiated.

2. A.R.S. § 36–2908(E) in effect when this case was initiated provided:

 Notwithstanding any provision of this chapter to the contrary, for persons certified as eligible pursuant to § 36–2901, paragraph 4, subdivision (a) or (c) or pursuant to § 36–2905.03, subsection C, only emergency medical services as defined by the director by rule which are delivered to persons who have been determined eligible but who have not yet enrolled in the system shall be reimbursed.

6. The testimony and case record establish that when the patient was admitted to the hospital, he was admitted for *elective surgery*. While there certainly was some sense of urgency, and the admission was medically necessary, considering the definition of emergency medical services in A.A.C. R9–22–101.38, as well as the definitions of emergency listed above in *Thompson v. Sun City Community Hospital, Inc.*, [141 Ariz. 597, 688 P.2d 605 (1984)] this admission was not unforeseen, was not sudden, and the absence of immediate medical attention would not have placed the patient's health in serious jeopardy. Thus, the services provided to the patient were not emergency medical services.

St. Mary's appealed to the superior court, which granted St. Mary's motion for summary judgment, finding the administrative decision was arbitrary, capricious, and an abuse of discretion. The superior court acknowledged that although the patient's condition before admission may not have met the rule's requirement of "sudden onset," it did require prompt action.

## ADMINISTRATIVE REVIEW

 In appeals taken under the Administrative Review Act, A.R.S. §§ 12–901 to 12–914, neither the superior court nor the court of appeals weighs the evidence; rather in reviewing factual determinations, the role of either court is only to determine whether there was substantial evidence to support the administrative decision. A.R.S. § 12–910; *Siegel v. Arizona State Liquor Board*, 167 Ariz. 400, 807 P.2d 1136 (App.1991). The fact that the court made its determination by summary judgment does not change the nature of the review, *Havasu Heights Ranch and Development Corp. v. Desert Valley Wood Products, Inc.*, 167 Ariz. 383, 807 P.2d 1119 (App.1990). The reviewing court may draw its own conclusions as to whether the administrative agency erred in its interpretation and application of the law. *Id.* We must determine whether the administrative agency acted illegally, arbitrarily, capriciously, or abused its discretion. *Eshelman v.*

*Blubaum,* 114 Ariz. 376, 560 P.2d 1283 (App. 1977). Here, it was not the superior court's function to decide whether St. Mary's version of the facts is supported by the evidence, but whether the record supports the hearing officer's factual findings. *Berenter v. Gallinger,* 173 Ariz. 75, 839 P.2d 1120 (App.1992). AHCCCS contends that the court applied the wrong standard of review.

 The record contains ample facts and evidence supporting the administrative decision. At the administrative hearing, there was testimony that because of the patient's deteriorating condition, he was admitted to St. Mary's for resumption of his systemic chemotherapy which was then given continuously on a 24–hour basis. There was testimony that in view of the patient's 14–month cancer history, it was not believed there would be a rapid progression of the disease. There was also testimony that InterQual criteria, used and accepted for utilization review purposes, defines sudden onset to mean within 24 hours. The hearing officer found that while the medical condition needed to be treated immediately, cancer is not something that would seriously debilitate someone within 24 hours of its onset. He also found that if hospitalization is required for cancer patients, there is almost always sufficient time for consultation with doctors, health plans, the hospital, and the insurers regarding a scheduled admission date.

While the record shows the medical services rendered were necessary, there was insufficient evidence of sudden onset of acute symptoms to come within the definition of emergency medical services under R9–22–101(45). Absent evidence to the contrary, we conclude that the administrative decision is supported by the record. We thus find the superior court erred in finding the AHCCCS director's decision arbitrary, capricious, and an abuse of discretion. Accordingly, the superior court's decision is vacated and the administrative decision is reinstated.

LIVERMORE, P.J., and LACAGNINA, J., concur.