268 P.3d 1152

**Manuel SALDATE, a married man, Plaintiff/Appellant,**

v.

**William G. MONTGOMERY, Maricopa County Attorney ex rel. Maricopa County Attorney's Office, an elected officer of Maricopa County, Arizona; Maricopa County Merit System Commission, Defendants/Appellees.**

No. 1 CA–CV 11–0079.

Court of Appeals of Arizona, Division 1, Department B.

Jan. 31, 2012.

Jaburg & Wilk, P.C. by Kraig J. Marton, David N. Farren, Adam S. Kunz, Mark D. Bogard, Phoenix, Attorneys for Plaintiff/Appellant.

William G. Montgomery, Maricopa County Attorney by Clarisse R. McCormick, Phoenix, Attorneys for Defendant/Appellees William G. Montgomery and Maricopa County Attorney's Office.

Jackson Lewis, L.L.P. by Justin S. Pierce, Phoenix, Attorneys for Defendant/Appellee Maricopa County Employee Merit System.

## OPINION

KESSLER, Judge.

¶ 1 Plaintiff/Appellant Manuel Saldate ("Saldate") appeals the superior court's order remanding his administrative appeal to the Maricopa County Employee Merit System Commission ("Commission") for the purposes of issuing a final administrative decision. The basis of the superior court's ruling was that because the Commission voted 2–2 on whether to accept or reject the hearing officer's recommendation to affirm Saldate's employment termination, the Commission's decision was of no force and effect. We agree with the superior court and affirm its remand order.

## FACTUAL AND PROCEDURAL BACKGROUND

¶ 2 Saldate, a certified peace officer and detective for the Maricopa County Attorney's Office ("MCAO"), was terminated from employment on December 9, 2008. Saldate appealed his termination to the Commission under the Maricopa County Employee Merit System Rules ("Rules") established by the Maricopa County Employee Merit System Resolution ("Resolution") and Arizona Revised Statutes ("A.R.S.") sections 11–351 to – 357 (2001 & Supp. 2011). *See* Resolution at §§ 1, 12.[1]

¶ 3 A hearing officer appointed to hear Saldate's appeal held a four-day hearing. Pursuant to A.R.S. § 11–356(D) (Supp.2011)[2] and Rule 10.12, the officer prepared a report for the Commission that proposed findings of fact and conclusions of law. He recommended that the Commission sustain Saldate's termination and deny his appeal.

¶ 4 The Commission, with only four members present,[3] considered Saldate's appeal and the hearing officer's recommendations. One Commissioner moved " 'not to uphold the Hearing Officer's proposed order because there is not sufficient evidence in the record . . .' and to grant [Saldate's] appeal and reverse the termination." The motion was seconded and a vote resulted in a 2–2 tie.

¶ 5 The Commission denied Saldate's appeal the same day in an order stating that its "tie-vote also serves as a final Commission

---

1. The Resolution and Rules are located at http://www.maricopa.gov/human_resources/pdf/msr.pdf.

2. We cite to the current version of the statute when no revisions material to this decision have since occurred. Rule 10.12 and A.R.S. § 12–356(D), both requiring proposed findings of fact and conclusions of law by the hearing officer, became effective in 2009 before the Commission ruled on Saldate's appeal.

3. The Commission consists of five members. Its fifth seat was vacant. See A.R.S. § 11–353(A) (2001).

decision." According to the order, "[n]o majority vote of the Commission existed." Citing Resolution § 16(F) and Rule 10.16, the Commission stated that an "appeal may be sustained *only when a majority* of the Commission members vote in favor of such action/motion," and "that absent a contrary majority vote, the appeal is dismissed." Thus, it denied Saldate's appeal by "operation of the applicable Resolution/Rule" and sustained his termination.

¶ 6 Saldate filed a complaint in the superior court seeking review of the administrative proceedings and his termination. The parties filed cross-motions for summary judgment. Saldate argued that a tie vote means that he won his appeal and that his reinstatement was mandated under *Wicks v. City of Tucson*, 112 Ariz. 487, 543 P.2d 1116 (1975), and *Wolkin v. Civil Service Commission of City of Tucson*, 21 Ariz.App. 341, 519 P.2d 194 (1974). MCAO argued that under *Maricopa County Sheriff's Office v. Maricopa County Employee Merit System Commission (Daniel Juarez)*, 211 Ariz. 219, 119 P.3d 1022 (2005), and *Pima County v. Pima County Law Enforcement Merit System Council (Joseph Harvey)*, 211 Ariz. 224, 119 P.3d 1027 (2005), a tie meant that Saldate did not win his appeal and his termination must be upheld.[4]

¶ 7 The superior court ruled that "[the tie] vote of the Merit Commission is of no force and effect" because it was not a majority vote. The court vacated the Commission's October 7, 2009 order and remanded the proceedings for the Commission "to reconsider Plaintiff's appeal." Saldate timely appealed and we have jurisdiction pursuant to A.R.S. § 12–2101(A)(1) (Supp.2011).

## ISSUES

◼ ¶ 8 We summarize Saldate's issues on appeal as:

(1) The superior court erred by failing to determine that the Commission's tie vote is a final administrative decision that means MCAO failed to carry its burden of proof to terminate Saldate.[5]

(2) The superior court's remand order was overly broad and should be limited to reinstatement and a determination of back wages and leave accruals.

(3) The superior court erred by denying Saldate attorneys' fees under A.R.S. § 12–348(A)(2) (Supp.2011) and A.R.S. § 41–1001.01 (Supp.2011).

◼ ¶ 9 Both parties agree that remand is required, but they disagree about the scope of remand. Saldate's argument hinges on two factors, that a tie vote of the Commission: (1) is a final administrative decision; and (2) means MCAO did not meet its burden to prove cause for the termination. Appellees maintain that the Commission violated the Resolution and Rules by failing to adopt written findings of fact and conclusions of law and that the superior court correctly determined the Commission's holding was of no force and effect. Appellees also argue that the requested relief of reinstatement is beyond the Court's jurisdiction until the Commission corrects the error.[6]

## STANDARD OF REVIEW

◼ ¶ 10 In an administrative appeal, the superior "court may affirm, reverse, modify or vacate and remand the agency action." A.R.S. § 12–910(E) (2003); *see also Siegel v.*

---

4. After oral argument on the motions, the superior court ordered further briefing about potential remedies and constitutional issues raised by Saldate.

5. Because we resolve Saldate's appeal based on the language of the Resolution and Rules, we need not reach his constitutional due process arguments about Resolution 16(F) and Rule 10.16. *See Petolicchio v. Santa Cruz Cnty. Fair & Rodeo Ass'n, Inc.*, 177 Ariz. 256, 259, 866 P.2d 1342, 1345 (1994) ("Arizona's courts do not reach constitutional issues if proper construction of a statute makes it unnecessary. . . .").

6. MCAO also alternatively argues that notwithstanding the error, the case should be remanded to the Commission with instructions to uphold the termination because there is substantial evidence in the hearing record to support the dismissal of Saldate's appeal. However, MCAO did not file a cross-appeal and thus cannot argue on appeal for greater relief than it obtained in the superior court. *See* Arizona Rule of Civil Appellate Procedure 13(b)(3).

*Ariz. State Liquor Bd.,* 167 Ariz. 400, 401, 807 P.2d 1136, 1137 (App.1991). "This court reviews the superior court's judgment to determine whether the record contains evidence to support the judgment and, in doing so, we reach the underlying issue of whether the administrative action was illegal, arbitrary, capricious or involved an abuse of discretion." *Koepnick v. Ariz. State Land Dep't,* 221 Ariz. 370, 374, ¶ 7, 212 P.3d 62, 66 (App.2009) (internal quotations and citation omitted). When an administrative decision is based on an interpretation of law, we review it *de novo. Id.* In construing statutes and rules, we rely on the plain meaning of the rule if it is unambiguous because that is the best indicator of the drafters' intent. *Fragoso v. Fell,* 210 Ariz. 427, 430, ¶ 7, 111 P.3d 1027, 1030 (App.2005). If there is ambiguity, we construe related statutes and rules to give effect to each provision without making any rule or statute superfluous. *City of Phoenix v. Yates,* 69 Ariz. 68, 72, 208 P.2d 1147, 1149 (1949) ("Each word, phrase, and sentence must be given meaning so that no part will be [void], inert, redundant, or trivial."); *see also Wyatt v. Wehmueller,* 167 Ariz. 281, 284, 806 P.2d 870, 873 (1991) ("A court also should interpret two sections of the same statute consistently, especially when they use identical language.").

## DISCUSSION

¶ 11 With the enactment of A.R.S. § 11–352, the legislature granted counties limited authority to pass resolutions establishing employee merit systems. Under that authority, the Maricopa County Board of Supervisors adopted a resolution establishing both the Merit System and the Commission. Resolution § 1; *see also* A.R.S. § 11–353 (2001). The Resolution requires that the Commission adopt the Rules to properly enforce the Resolution. *See* Resolution § 12. While the legislature did not define the minimum requirements for a Commission vote on an employee's appeal, it did require that the Commission have five members and that the Commission issue findings of fact. A.R.S. § 11–353(A) (five members), –356(D) (the hearing officer shall submit to the Commission "proposed" findings of fact and conclusions of law).

¶ 12 Resolving this appeal requires us to construe the above statutes and the Resolution creating the Commission and Rules. Read together, these authorities impose two requisites for issuing a final Commission decision on appeal. First, it is clear that the Commission itself must act. A.R.S. § 11–356(D) (the "hearing officer shall submit proposed findings of fact, conclusions of law and a recommendation to the commission"); A.R.S. § 11–356(F) ("following receipt of the hearing officer's proposed findings of fact, conclusions of law and recommendation, the commission shall either affirm, modify or revoke the order"); A.R.S. § 11–356(G) (the "findings and decision of the commission shall be final"); Rule 10.17(B) (the "findings and decisions of the Commission shall be final"); Rule 10.04 (hearing officers "are fully authorized and empowered ... to take any action ... other than issuing the final findings of fact, conclusions of law and order"); Rule 10.14 ("[t]he Commission shall ... make written findings of fact, conclusions of law and issue an order"); Rule 10.16 (a majority of the Commission may "adopt the hearing officer's report in its entirety, or modify it, or ... tak[e] additional evidence").

¶ 13 Second, the Commission generally is required to act by majority of its members present at a meeting. Resolution § 9(D) states: "Three members shall constitute a quorum for the transaction of business. *A majority of the quorum may take legal action in all areas of the Commission's duties and powers.*" (Emphasis added.) It follows that when there are four voting members at a meeting, a majority of those present—three members—is required to take legal action, including issuing findings of fact, conclusions of law, and orders in an employee's appeal. *See* A.R.S. § 11–356(F) ("the commission shall affirm, modify or revoke the order" after a hearing); Resolution § 9(D) ("A majority of the quorum may take legal action in all areas of the Commission's duties and powers."); Rule 10.14 ("The Commission shall ... make written findings of fact, conclusions of law and issue an order....").

¶ 14 In its order determining that the 2–2 vote was a final decision, the Commission

relied upon Rule 10.16, which provides if, after a hearing on an appeal by a disciplined employee, "a majority of the Commission members present at the meeting where the vote is taken, determine that the action appealed from was arbitrary or taken without reasonable cause, the appeal shall be sustained; *otherwise, the appeal shall be dismissed.*" (Emphasis added.) *Accord* Resolution § 16(F). If this language stood by itself, or alone with Resolution § 9(D), it could be interpreted either: (1) as requiring a dismissal of Saldate's appeal because fewer than three of the four members present found the employment action was arbitrary or without reasonable cause; or (2) based on the reasoning of *Wicks* and *Wolkin*, that the County failed to meet its burden to support its action.[7] In either case, we would normally assume that Resolution § 9(D) was the more general provision and determination of an appeal could be accomplished by less than a majority of a four-person quorum under the more specific provisions of Resolution § 16(F) and Rule 10.16.

¶ 15 However, we cannot rely solely on the language in Resolution § 16(F) and Rule 10.16. As A.R.S. § 11–356, Resolution § 9(D), and Rules 10.14 and 10.17 make clear, a final decision by the Commission requires findings of fact, conclusions of law, and an order, and the Commission can only do that by a vote of a majority of the members present who constitute a quorum. Thus, in order to take final action when only four commissioners attend the hearing and vote, at least three must agree on findings of fact, conclusions of law, and an order.

¶ 16 On a plain reading of the statutes, Resolution, and Rules, the Commission's order here was not final because a majority of the commissioners present constituting a quorum did not issue findings of fact and conclusions of law, and agreement by less than a majority of Commission members present does not constitute "legal action" under Resolution § 9(D). Thus, the superior court correctly concluded that because the

vote was tied, there was no Commission action and the Commission's purportedly final order has no legal effect. *See* A.R.S. § 12–905(A) (2003) (stating "[j]urisdiction to review *final administrative decisions* is vested in the superior court") (emphasis added).

¶ 17 We affirm the superior court's remand order without modification because it is necessary for the Commission to enter findings of fact and conclusions of law as required by A.R.S. § 11–356 and Rule 10.14, and to decide Saldate's appeal by majority vote of the commissioners present as required by Resolution §§ 9(D) and 16(F), and Rule 10.16. Nothing in this decision precludes the four commissioners who were present at the meeting (or a different number or composition of commissioners) from simply re-voting and issuing findings of fact and conclusions of law provided that there is a quorum and such findings and conclusions are approved by a majority of the commissioners present.

¶ 18 The parties rely on various cases dealing with other state and county agencies and commissions to support their respective positions. However, each independent merit system is governed by the unique authority granted and duties imposed and each merit system must be reviewed based on the system's specific authority, resolutions, and rules. *Juarez,* 211 Ariz. at 221 n. 5, ¶ 10, 119 P.3d at 1024 n. 5 (noting that rules adopted by counties for processing merit appeals vary among the counties and that in Pima County, unlike Maricopa County, the commission has wide discretion to modify an action it finds too severe); *see also id.* (recognizing that the standard of review to be employed by a commission depends on county rules). "[T]he divergent rules between counties may, and often will, produce divergent results on very similar facts." *Id.*

¶ 19 In both *Wicks* and *Wolkin,* the courts disagreed that a 2–2 vote of the commission resulted in an affirmance of an employee's discharge because the rules of the Tucson Civil Service Commission were in conflict

---

7. As discussed *infra* ¶ 18, *Wicks* and *Wolkin* held that because the employer had the burden to support its action on appeal to the commission, a rule which provided for a dismissal of the appeal if a majority of commissioners present did not

vote to reverse the decision was of no force and effect because it impermissibly shifted the burden of proof to the employee. *Wicks,* 112 Ariz. at 488, 543 P.2d at 1117; *Wolkin,* 21 Ariz.App. at 345, 519 P.2d at 198.

with the employer's burden of proof under the Tucson City Charter. *Wicks*, 112 Ariz. at 488, 543 P.2d at 1117; *Wolkin*, 21 Ariz. App. at 345, 519 P.2d at 198. If *Wicks* and *Wolkin* applied, they would require reinstatement by the Commission;[8] however, the two civil service schemes are different. Nowhere in either decision did either appellate court discuss that under the Tucson scheme only a majority of the Commission present may take legal action, only the Commission can issue findings of fact and conclusions of law, and that "majority" requires a vote of the majority of the commissioners present.[9]

¶ 20 It is clear that under A.R.S. § 11–356, Resolution § 9(D), and Rules 10.14 and 10.17, the Commission can only make findings of fact and conclusions of law by majority vote of the quorum present. *See also* Rule 10.04 (stating that hearing officer can take any action except issuing the final findings and conclusions). Thus, when a decision is made by a four-person quorum, there must be three commissioners in agreement to issue findings, conclusions, and an order. Here however, because the vote on Saldate's appeal under Rule 10.16 resulted in a tie, a majority of the quorum did not make findings of fact and conclusions of law as required by Rule 10.14. The 2–2 tie vote here is simply a nullity and the Commission has to re-decide the appeal based on a majority vote of the quorum so it may make final findings of fact and conclusions of law by a majority of the quorum.[10]

¶ 21 Although the scheme here is slightly different than that present in *Siegel*, its reasoning supports our conclusion. In *Siegel*, a person applied to the Arizona State Liquor Board for a transfer of a liquor license. 167 Ariz. at 401, 807 P.2d at 1137. The state liquor superintendent denied the transfer,

and on appeal, the Board voted 3–3 to reverse the decision. *Id.* The Board's acting chairman declared that the tie vote upheld the superintendent's decision. *Id.* The superior court held that the tie vote was not final for purposes of review and remanded it to the Board for further consideration. *Id.* We affirmed. We distinguished *Wicks* and two similar industrial commission cases that held a tie vote had the effect of disapproving a claimant's petition because the burden was on the claimant. *Id.* at 401–02, 807 P.2d at 1137–38. We rejected that reasoning because the provisions of the schemes in those cases were different than the scheme for the Liquor Board. *Id.* at 402, 807 P.2d at 1138. We noted that the Liquor Board had seven members, a majority of the seven would constitute a quorum, and "a concurrence of a majority of a quorum is sufficient for taking any action." *Id.* "If there are unfilled positions ... a majority of those persons appointed and serving on the board constitutes a quorum." *Id.* at 402, 807 P.2d at 1138 (internal citations and quotations omitted). We reasoned that less than a majority of a quorum is insufficient for Board action and that "a majority of a quorum of six requires at least four votes" in agreement. *Id.* Since "a majority of the quorum did not affirm, reverse or modify the Superintendent's decision," we affirmed the superior court's order that the 3–3 vote was not a Board action and remanded the matter to the Board for "a final decision in which a majority of a quorum of the Board concurs in the resolution" of the appeal. *Id.* (internal quotation marks omitted).

¶ 22 While the provisions of the scheme in *Siegel* are not identical to the provisions at issue here, the result is the same. In both schemes, we have to construe all of the relevant provisions in harmony. And in both

---

**8.** In *Wicks*, the supreme court held that the superior court could not reinstate the employee but had to either affirm, vacate or modify the commission decision and have the commission act in accordance with the mandate of the court. 112 Ariz. at 488, 543 P.2d at 1117.

**9.** At oral argument on appeal, Saldate argued that the Tucson merit system may have had provisions that only a majority of the commission had to act and that the commission had to adopt findings of fact and conclusions of law. Even if

that were accurate, the courts in *Wicks* and *Wolkin* do not address that fact, leading us to conclude that if such provisions were present, any argument about their effect must have been waived on appeal.

**10.** To the extent that Rule 10.14 provides that the Commission must adopt findings of fact and conclusions of law and Rule 10.16 provides that less than a majority of the Commission can effectively dismiss an appeal, the two rules are irreconcilable under the circumstances of this case.

schemes, only a majority of the commission, that is a majority of those voting, can approve the findings of fact, conclusions of law, and final order. Thus, here a tie vote of 2–2 is insufficient and the Commission has to re-decide the appeal.

### ATTORNEYS' FEES

¶ 23 Saldate contends that the superior court erred by failing to award attorneys' fees pursuant to A.R.S. § 12–348(A)(2) and 41–1001.01(1). Both of these statutes require a litigant to prevail by "adjudication on the merits." Because remand to the Commission is necessary, Saldate has not prevailed by adjudication on the merits at this juncture.

¶ 24 Saldate also requests attorneys' fees and costs on appeal pursuant to Rule 21, Arizona Rules of Civil Appellate Procedure, and A.R.S. §§ 12–341.01(A) (2003) (providing that a successful party may be awarded fees if the action arises out of contract), and 12–2030(A) (2003) (providing that fees shall be awarded to a party that "prevails by adjudication on the merits") (2003). In light of our

determination affirming the superior court's remand order without modification and Saldate's arguments on appeal, Saldate cannot be considered the prevailing party and we decline to award costs or fees.[11]

### CONCLUSION

¶ 25 For the foregoing reasons, we affirm the superior court's remand order requiring the Commission to proceed in accordance with the Resolution and Rules, consider and determine Saldate's appeal by a majority vote of Commissioners present, and issue written findings of fact and conclusions of law and an order that is final and appealable.

CONCURRING: MARGARET H. DOWNIE, Presiding Judge, and PETER B. SWANN, Judge.

---

**11.** To the extent Saldate's requested fees and costs are asserted in his separate "Motion Re- questing Attorney Fees on Appeal," his motion is denied.